## ARMSTRONG ET AL. *v.* KEIFER ET AL.

JUDGMENT.—*Equitable Interest in Land.*—To reach the equitable interest of a debtor in land, it is only necessary that the creditor should have obtained a judgment; while to reach personal property, both a judgment and execution are necessary.

SAME.—*Pleading.*—*Insolvency.*—In a suit on a judgment, to reach an equitable interest of the debtor in land, an allegation that the judgment defendant is insolvent is equivalent to a statement that he has no personal property subject to execution.

APPEAL from the Hendricks Circuit Court.

DOWNEY, J.—This action was brought by the appellees, Augustus Keifer, Theresa Vinton, and John T. Warren, against the appellants, John S. Armstrong, Sarah C. Armstrong, and Robert M. Armstrong. The material facts alleged in the complaint are, that on the 13th day of July, 1870, the said John S. Armstrong and said John T. Warren, as partners, owned a drug store; that on that day, said firm purchased of the said Augustus Keifer and Theresa Vinton a bill of drugs, etc.; that in August, 1870, said John T. Warren sold out his interest in said stock of goods so owned by him and said John S. Armstrong to said John S. Armstrong and said Robert M. Armstrong, they, the said purchasers, agreeing to pay said debt to said Keifer and Vinton; that said purchasers failed to pay said debt, and on the 5th day of January, 1871, said Keifer and Vinton sued for the same, and on the 24th day of January, 1871, in the common pleas of Hendricks county, Indiana, recovered judgment therefor against Warren, Robert M. Armstrong, John S. Armstrong, and one James H. Faught, who, in some way not shown, had become liable; that at the time of incurring the said debt to Keifer and Vinton, and at the time said Warren sold out his interest in the drug store, said John S. Armstrong was the owner in fee simple of certain real estate described in the complaint; that on the 27th day of December, 1870, said John S. Armstrong, combining and colluding with said Robert M. Armstrong and Sarah C. Armstrong, the wife of said John S. Armstrong, and with the intent and for the purpose of cheating and defrauding the plaintiffs out of their debt, the said John S. Armstrong and wife conveyed said real estate to said Robert M. Armstrong, and he forthwith conveyed the same to said Sarah C. Armstrong; that said conveyances were without consideration, and to hinder, delay, and defraud the plaintiffs and other creditors out of their debts; that on the 25th day of January, 1871, the plaintiffs Keifer and Vinton caused an execution to be issued on the said judgment; that the defendants to said judgment are insolvent, and, without the property so fraudulently conveyed,

they are wholly unable to pay said judgment. Wherefore, the plaintiffs ask the court to declare said conveyances fraudulent and void as to the plaintiffs, and to subject said real estate to sale for the payment of said judgment, and for general relief.

The defendants answered, first, general denial; second, that the said real estate is not subject to sale, for the payment of said judgment, because it is the separate property of said Sarah C. Armstrong; that the money, with which it was purchased and the improvements made on it, was her separate money; that said John S. or Robert M. Armstrong has not, and never had, any interest in the same; third, the third paragraph sets up more particularly her acquisition and ownership of the land.

The reply was a general denial of the second and third paragraphs of the answer.

The issues were tried by a jury, and there was a general verdict for the plaintiff, and also answers to interrogatories submitted to the jury, at the request of the defendants, as follows:

"1. Has John T. Warren any personal property subject to execution? Answer. Yes.

"2. Has James H. Faught any personal property subject to execution? Answer. No.

"3. Did the sheriff demand personal property in satisfaction of the judgment, which is the foundation of the plaintiffs' suit, of either John T. Warren or James H. Faught? Answer. No.

"7. Did the defendant John S. Armstrong promise to pay the firm debts of the partnership of Armstrong and Warren, at the time Warren sold his interest in the partnership property to Robert Armstrong? and if so, what was the consideration of that promise? Answer. Yes; consideration, the sale of John T. Warren's interest in the drug store to Robert M. Armstrong."

Also, the following, propounded by the court on its own motion:

"9. Did Robert M. Armstrong and John S. Armstrong, in consideration of John T. Warren's retiring from the partnership, agree to pay the debt of the plaintiffs, Keifer and Vinton? Answer. Yes."

A motion was made by the defendants for a new trial, for the following reasons:

First. Because, on its own motion, the court wrote and propounded to the jury the above interrogatory number 9, without the request of either party.

Second. The verdict is not sustained by sufficient evidence.

Third. It is contrary to law.

Fourth. The court erred in admitting the testimony of John T. Warren to prove the promise of the defendant John S. Armstrong to pay the indebtedness of the partnership of Armstrong and Warren to Keifer and Vinton.

Fifth. In rejecting the evidence offered by the defendants to prove what was said by and between the parties who executed the deeds which are charged in the plaintiffs' complaint to be fraudulent.

Sixth. In refusing to instruct the jury as requested by the defendants.

Seventh. In giving charges five, six, and seven, as asked by the plaintiffs.

Eighth. In refusing to submit to the jury certain interrogatories asked by the defendants, and in striking the same out.

This motion was overruled, and the defendants excepted, but the evidence is not put in the bill of exceptions.

The defendants then moved the court to render judgment in their favor on the special findings of the jury; but this motion was also overruled, and they again excepted.

They then moved in arrest of judgment, on the ground of the insufficiency of the complaint. This motion, too, was overruled, and the proper exception entered.

The court then rendered final judgment on the verdict in favor of the plaintiffs, declaring the said deeds fraudulent and void, and the land subject to sale for the payment of the

judgment of the said Keifer and Vinton, and ordering the sale of the same.

The errors assigned in this court present the following questions: First. Is the complaint sufficient? Second. Should the court have granted a new trial? Third. Should the court have sustained the motion for judgment on the special findings? Fourth. Should the court have sustained the motion in arrest of judgment?

We will consider these questions in their order.

First. The objection made to the complaint is, that the execution on the judgment was not returned *nulla bona*, before the suit was commenced, nor does it otherwise appear that the defendants had no personal property subject to execution. The insolvency, etc., of the defendants to the judgment is alleged, which, if that allegation be necessary, is equivalent to a statement that they have no property subject to execution. But the rule in such cases as this, as laid down in *O'Brien* v. *Coulter*, 2 Blackf. 421, is, that to reach the equitable interest of the debtor in land, it is only necessary that the creditor should have obtained a judgment; while to reach personal property, both a judgment and execution are necessary. See, also, *Kipper* v. *Glancey*, 2 Blackf. 356, and *Shirley* v. *Shields*, 8 Blackf. 273. Much is said in argument about Warren's being a plaintiff in this action, and it is suggested that the suit is carried on for his benefit. Warren had an interest in having the land made liable to the payment of the debt due to Keifer and Vinton. John S. and Robert M. Armstrong had promised to pay the debt and relieve him from his liability therefor. We think he had such an interest in the objects of the action as to make it proper that he should be joined as a plaintiff.

Second. Several questions are discussed, arising under the motion for a new trial: First. The propounding by the court of the ninth interrogatory to the jury, on its own motion, is the first. Whatever may be the law on this subject, it is clear that there is no reason here for reversing the judgment. It is conceded that neither the pleadings nor the evidence em-

braced or presented the question decided by the jury in their answer to the interrogatory. The answer to it, therefore, could do no one any harm. Second. That the verdict is not sustained by the evidence. The evidence is not in the record, and, therefore, we cannot decide the question presented. Third. That the verdict is contrary to law. No question is made in this court upon this ground. Fourth. The bill of exceptions presents no question with reference to the testimony of Warren or its admissibility. Fifth. The rejection of the evidence, offered by the defendants, of what was said by the parties to the deeds, was correct. It is not shown by the bill of exceptions when the conversation took place, nor whether it related to the transactions in question or not. Sixth and seventh. We must presume that the charges given and those refused were correctly given and refused; since we do not know what facts were before the jury. Eighth. The court refused to submit to the jury several interrogatories which were asked by the defendants. We think they were immaterial, and, therefore, properly withheld from the jury. Some of them were based on the idea, that an execution on the judgment and a return of *nulla bona* thereon were necessary to enable the plaintiffs to recover. One was as to whether Robert M. Armstrong alone did not agree to pay the debt, in consideration of the sale of the interest of Warren in the drug store. John S. Armstrong was one of the parties originally liable for the debt of Keifer and Vinton; the judgment was against him with others, and he was therefore liable to Keifer and Vinton without reference to a promise made to Warren.

Third. There is no such inconsistency between the general verdict and the special findings as would require or allow the court to render judgment on the special findings for the defendants. The answer to the seventh interrogatory, that John S. Armstrong promised to pay the debt of Keifer and Vinton, is not inconsistent with the fact, that Robert M. Armstrong also agreed to pay, as alleged in the complaint. But perhaps this was not a material question, since Keifer

and Vinton had obtained a judgment, and the object of this action was to subject the land to the payment of that judgment. John S. Armstrong had promised to pay the debt in the first instance, as one of the firm of Armstrong and Warren; and on the purchase of the interest of Warren, he again promised to pay it. As between him and Keifer and Vinton, he was bound to pay it, and as between him and Warren, he was bound to pay it, and save Warren harmless. As the jury found that the conveyances of the land to his wife were fraudulent, it seems to us just and proper that the land should be subjected to the payment of the judgment.

Fourth. As we have concluded that the complaint was sufficient, it follows that it is our opinion that the motion in arrest of judgment, based on the supposition that it was not good, was properly overruled

The judgment is affirmed, with costs.

*J. V. Hadley* and *J. S. Ogden,* for appellants.

*L. Ritter,* for appellees.