DAVID TAYLOR V. THE DUNLAP STONE & LIME COMPANY, *et al.*

1. MORTGAGE — *Fraud* — *Practice.* Where a mortgage is given and recorded, purporting to be a lien upon land, and it is claimed to be without consideration and in fraud of a judgment creditor, he can by proper proceedings have the validity of such mortgage determined in the courts, before the land is sold on execution.

2. JUDGMENT, DEBTOR — *Actual Interest in Land.* When a judgment debtor owns land, but by the public records the title appears to be in another, a judgment creditor can maintain an action to ascertain the actual interest of the debtor in the land.

3. EXECUTION — *Practice.* In an action to ascertain the interest of a judgment debtor in land, which is sought to be subjected to execution to satisfy a judgment, it is not necessary that an execution should first be returned unsatisfied, when such debtor is wholly insolvent.

*Error from Morris District Court.*

THE opinion states the case.

*Buck & Feighan,* for plaintiff in error.

*Kellogg & Sedgwick,* for defendants in error.

Opinion by HOLT, C.: The petition states as plaintiff's cause of action, in substance as follows: On October 27, 1883, the Dunlap Stone and Lime Company borrowed of the First National Bank of Emporia, Kansas, the sum of $1,500, and gave its note for that amount, and used the money in its business. The bank required sureties, and the company procured David Taylor, the plaintiff in error, also plaintiff below, W. P. Parr and W. W. Wheeler to sign said note as guarantors and sureties. Said company paid only a small portion of the note, and the bank brought suit for the balance on said note remaining unpaid, in the Lyon district court, and on the 20th of March, 1885, recovered judgment against the company and the sureties. The company, Parr and Wheeler were insolvent at the time of the rendition of the judgment. The bank issued an execution upon its judgment, levied on plain-

tiff's land, and advertised it for sale; to save his property he was compelled to pay $1,415.43, on October 16, 1885, and took an assignment of the judgment in writing. Taylor then caused an execution to be issued on the land in Morris county, then really, though not apparently, owned by the company. Before this time, and on April 30, 1884, the defendant Richard Pickens, who was president of the company, represented to the company that if it would deed the land to him he would borrow $1,200 to pay off this debt, and would hold the land as trustee for the company, stating that a better loan could be obtained if the land was owned by an individual than by a corporation. The company thereupon, without other consideration, deeded the land to Pickens, and took a defeasance setting forth the trust. The defeasance was signed by Pickens, but not acknowledged. Pickens executed two mortgages upon the land, one for $1,200 and the other for $120, but did not receive any money thereon. The deed and mortgages were put upon record. Pickens immediately refused to recognize his trust, and threatened to use the money that might be obtained from the mortgages for his own use. On June 11, 1884, said company brought suit in the Morris district court against Pickens and the mortgagees, for the purpose of having Pickens declared its trustee, said deed set aside, said mortgages canceled, and mortgagees restrained from advancing any money on said mortgages. Pickens, by fraud and collusion, procured the dismissal of said suit. On the 27th of February, 1885, the company again sued the same defendants in the same court and for the same purposes. On March 1, 1884, said company again sued Pickens in the Lyon district court, claiming that he had appropriated to his own use large sums of money belonging to the company.

After Taylor had paid off the judgment and taken an assignment as aforesaid, the company, Pickens and one Summers, colluded and conspired together, so that in the suit of the company against Pickens a judgment was recovered against the company and in favor of Pickens, on January 6, 1886, for $2,132.83 and costs. On October 16, 1885, Taylor, being

the owner of the judgment in favor of the bank, caused an execution to issue, and the same to be levied on the land in controversy in Morris county. On the day before the land was to be sold, Pickens filed a petition in the Lyon district court against Taylor, alleging "that he was the legal and equitable owner of said land," and obtained a temporary injunction restraining the sheriff from making sale of said land under said execution. This action was brought in the Morris district court by the plaintiff, for the purpose of setting aside the deed made by the company to Pickens, and to prevent the mortgagees from advancing any money to any of the co-defendants upon such mortgages; also that Pickens and the company be enjoined from selling and mortgaging said land during the pendency of this suit, unless to raise money to pay the claims of plaintiff; that the land be adjudged subject to a levy under the execution, and that he be permitted to sell said land to satisfy his judgment.

At the trial on April 21, 1886, the defendants objected to the introduction of any evidence by plaintiff, because his petition did not state a cause of action; the objection was sustained, and judgment rendered for defendants. The plaintiff brings the case here.

It is averred in the petition that at the time the plaintiff caused said execution to issue, the land, as shown by the records, was apparently the property of Pickens, and that there were mortgage liens thereon; it is also set forth as a matter of fact, that the land did not belong to Pickens, nor were there any liens thereon by virtue of the mortgages. The plaintiff had a right to ascertain in this action the interest of the judgment debtor in the land, freed from all pretended liens and apparent complications. Few persons can be found willing to purchase real estate at execution sales, with apparent liens upon and adverse interests in it, and take upon themselves the risk of contending with adverse claimants to secure a perfect title thereto. For this reason a judgment creditor should be permitted to test the validity of the claims which might interfere with his rights, and which he believes to be

founded in fraud; and upon sufficient showing the court should set aside a fraudulent transfer or mortgage, and clear away any cloud upon the title of the land to be sold, in order to sell it to the best advantage. (Freeman on Executions, § 242.)

The objection made, that it is not averred that an execution had been returned unsatisfied, is not of much force in the face of the allegation that "both Pickens and the company are wholly insolvent, and unless this plaintiff can levy upon and sell this real estate he will be wholly without remedy, and will lose his entire claim." That allegation is equivalent to an averment that they had no property subject to execution, and is sufficient, if supported by evidence, to authorize a judgment directing an equitable interest of the debtor in lands to be subjected to the payment of a judgment against such debtor. (*Armstrong v. Keifer*, 39 Ind. 225; *Loving v. Pairo*, 10 Iowa, 283.)

We believe that the petition, and that part of the reply offered and treated as a supplemental petition, were sufficient to support a judgment. We therefore recommend that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.