RICHARD PICKENS *et al.* v. DAVID TAYLOR.

CORPORATION—*Rights of Stockholders and Creditors.*  T. and P. were members of a corporation.  The company, being in debt, conveyed its real estate to P., in trust, upon which to borrow money to pay indebtedness, but P. afterward refused to recognize the trust, and claimed the property as his own.  T. was an indorser and guarantor of the company, and to protect himself was compelled to take an assignment of a judgment obtained by a creditor against the company. He caused a levy to be made upon the property transferred to P. and also began proceedings to cancel and set aside the conveyance to P., and to have the property subjected to the payment of his judgment. P. claimed that the company was owing him a large sum of money. Afterward the land was sold on execution levied at the instance of T. A sale was fairly and regularly made of the property to T., was confirmed by the court, and a sheriff's deed made to the purchaser.  Afterward, P. proposed to pay T. the amount of his claim, but no actual tender was made, nor was any proposal made until after the claim was extinguished by the sale and conveyance of the property to T.  On the trial the issues were found in favor of T.  P. then asked the court to fix a short time within which he could pay off T.'s judgment and take the land free from the lien of such judgment, but the request was refused, and a judgment canceling the deed of the company to P. was entered.  *Held,* That the refusal and entry of judgment were not erroneous.

*Error from Morris District Court.*

THE opinion contains a sufficient statement of the case.

*Kellogg & Sedgwick*, for plaintiff in error.
*J. Jay Buck*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.:   This action was brought by David Taylor to set aside a conveyance made by the Dunlap Stone & Lime Company to Richard Pickens, as trustee for the company, which trust it is alleged he violated, and that he was endeavoring to apply the property intrusted to him to his own use and benefit, instead of to the purposes intended by the company.   David Taylor was a judgment creditor of the company, and brought the suit, not only to set aside the conveyance, but to prevent Pickens or the corporation from selling or mortgaging the property of the company which he had levied upon to satisfy his judgment, and to have the land adjudged subject to the execution, and that he be permitted to sell it in satisfaction of his judgment.   There were charges of fraud and collusion made against Pickens and the company in absorbing the property of the company for the payment of fictitious claims, and in endeavoring to defeat the plaintiff below in obtaining satisfaction of his claim and judgment.   The case was here before, and the nature and allegations of the same have been fully stated.  (*Taylor v. Stone Co.*, 38 Kas. 547.) There were counter-charges of fraud made against Taylor, who was a member of the corporation and assisted in its organization, but the final trial of the case has resulted in Taylor's favor, and the general findings which have been made sustain the allegations made against the plaintiffs below, and overthrow those made against Taylor.

The testimony in the record is sufficient to sustain the findings and judgment of the court.   It was adjudged and decreed that the conveyance made by the company to Pickens was invalid, and that the company was the owner of the land at the commencement of the suit, subject only to a lien in favor of the Kansas Loan & Trust Company for $109.25, with interest, and therefore subject to sale to satisfy the judg-

ment and execution of the defendant in error. It appears that the land was sold under the execution to Taylor on July 27, 1886; the sale was confirmed by the court on October 15, 1886; and October 30, following, a sheriff's deed was executed to Taylor in accordance with the direction of the court. There is testimony offered by the plaintiffs in error, that after the sale and conveyance to Taylor they proposed to pay Taylor the amount of his claim, and they asked the court to fix a short time after judgment in which Pickens could pay off the amount due to Taylor, which the court refused. This refusal is substantially the only objection made against the judgment of the court below. It does not appear, however, that a tender of the money was actually made, nor was any specific amount named or proposed to be paid. Neither is it shown that Pickens had any ability to pay the amount of the judgment for which the land was sold. More than that, no proposal to pay Taylor was made until after the judgment had been extinguished by sale and a conveyance of the land. Taylor was a *bona fide* judgment creditor and entitled to have the property of the company subjected to his judgment, and for that purpose was entitled to have any fictitious or fraudulent conveyance held by Pickens against the property canceled and set aside. The property was levied upon as the property of the company, and that it was the property of the company is clearly shown by the testimony. The claim and lien of Taylor appears to have been paramount and superior to that of Pickens, if he held any claim against the company or its property. The sale upon execution appears to have been fair and regular. It was confirmed by the court, and a formal sheriff's deed was executed. By this sale and conveyance he acquired a good title to the land, and no equitable considerations are presented which would require that conveyance to be set aside for the protection of any claim made by Pickens. Under the circumstances of the case it was too late after that conveyance for Pickens to propose to pay Taylor's claim. It had been satisfied and extinguished, and the property in question had effectually passed to the purchaser. Under the find-

ings, it must be taken that the charges of fraud and conspiracy against Taylor are groundless and have been disproved.

We see no reason to disturb the findings and judgment, and hence there must be an affirmance.

All the Justices concurring.