C. C. HOUGHTON & Co. v. C. E. AXELSSON, F. H. ELNIFF, AND S. M. ANDERSON.

No. 11,965. ( 67 Pac. 825.)

SYLLABUS BY THE COURT.

1. CREDITOR'S BILL—*Nature and Purpose.* A creditor's bill is in its nature a proceeding *in rem* rather than *in personam,* and its use is to make effective a judgment held by a creditor against the property of the debtor which is in some way concealed.

2. ———— *Pleading.* An action in which it is sought to charge the defendants with the payment of a debt from another, and in which it is not charged that the defendants have any property in their possession belonging to such other, or are in any manner whatever concealing any such property, is not an action in the nature of a creditor's bill.

3. LIMITATION OF ACTION—*Action for Relief on Ground of Fraud.* The facts set out in the petition in this case show that it was an action on the ground of fraud, and as such should have been brought within two years, in order to escape the bar of the statute of limitations.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed February 8, 1902. Affirmed.

*Caldwell & Wilmoth,* and *E. P. Hotchkiss,* for plaintiffs in error.

*R. W. Turner,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This case comes to this court by certification from the court of appeals, where the judgment of the trial court was affirmed.

On the trial of the action, the court refused to permit the plaintiffs below, who are plaintiffs in error here, to introduce any evidence under their petition

for the reason that the same stated no cause of action in their favor.

The facts stated in the petition are briefly as follows : That on the 3d of August, 1894, Axelsson, who was then engaged in the mercantile business, gave a chattel mortgage to Elniff and Anderson upon his entire stock of goods to secure the sum of $989.08 ; that at that time he owed them but $320 ; that the mortgage was given for the purpose of hindering, delaying and defrauding other creditors of Axelsson, Houghton & Co. being such creditors ; that the mortgagees shortly thereafter took possession of the stock of goods, and after due advertisement sold it on August 25, 1894, to a purchaser in good faith for the sum of $575 ; that the expenses of the sale and the amount actually due to the mortgagees were taken out of this sum and the balance returned to Axelsson ; that thereafter, and on the 12th day of June, 1896, judgment was obtained by Houghton & Co. against Axelsson for the amount due from him.

By the action at bar Houghton & Co. sought to charge Elniff and Anderson with the amount due to them from Axelsson. The action was commenced more than two years after August 25, 1894, and the petition contained no allegation that the plaintiffs did not know of the fraud committed by Elniff and Anderson at the time it was committed. In the absence of such an allegation, the presumption is that the plaintiffs had knowledge of the fraud when it was consummated. Thus the question presented is whether the case is such a one as that the bar of the statute runs even though the plaintiffs had knowledge of the fraud.

The claim is made that the case is one in the nature of a creditor's bill, and that as in such an action suit

cannot be commenced until judgment is obtained against the principal defendant, and as this action was brought within two years after such judgment was obtained, it is in time, and not barred by the statute of limitations. We are not able to give our assent to this claim. We think that this case was one against Elniff and Anderson for relief on the ground of fraud; that there is as much ground for maintaining it against them without the recovery of a judgment against Axelsson as with it. It must be remembered that it is not sought to recover from them any of Axelsson's property. It is admitted in the brief of plaintiff in error that Elniff and Anderson returned to him all the moneys derived from the sale of the mortgaged property except such as paid the expenses of the chattel-mortgage sale and the debts honestly due to them.

It is not sought by this action to compel these parties to disclose what property they may have in their hands belonging to Axelsson and to disgorge the same. The prayer of the petition is that the plaintiffs may have judgment against the defendants for the amount of the debt owing from Axelsson to plaintiffs. The action is based solely upon the claim that, by reason of the fraudulent character of the transaction in taking a chattel mortgage on Axelsson's property for more than was due to them, the defendants became the trustees of that property for the benefit of the creditors. No discovery is desired; everything is known. The removal of no questioned and fraudulent title is sought, nor is it asked that an execution might be levied. The relief prayed for—indeed, all that under the pleadings could be given—is simply a money judgment. This is not the office of a creditor's bill. This is not a proceeding in equity.

Houghton v. Axelsson.

"Creditors' bills, in their most comprehensive sense, are bills in equity by creditors to enforce the payment of debts out of the property of debtors, under circumstances which impede or render impossible the collection of the debt by the ordinary process of execution." (5 Ency. Pl. & Pr. 391.)

. They are in the nature of proceedings *in rem*, rather than *in personam*, and are used to make effective a judgment held by a creditor against the property of the debtor which is covered up or in some way involved. They are in nature ancillary and not original proceedings. There are none of the characteristics of a creditor's bill found in this action. It is simply and solely an action on the ground of fraud, and as such must be brought within two years or else be barred by the statute of limitations.

The petition showing affirmatively, as it does, that more than two years had elapsed after the fraud complained of was committed before the action was brought, and no legal excuse being given for such delay, it follows that the petition did not state facts sufficient to warrant a recovery, and the court below was right in excluding the evidence of the plaintiffs.

The judgment of the court of appeals and of the district court will be affirmed.

JOHNSTON, GREENE, ELLIS, JJ., concurring.