[No. 4886.   Decided December 13, 1904.]

A. EKLUND et al., Respondents, v. JAMES HOPKINS et al., Appellants.[1]

FRAUDULENT CONVEYANCES—SALES OF STOCK OF GOODS IN BULK—LIST OF CREDITORS—GENERAL AND SPECIAL CREDITORS—STATUTES—CONSTRUCTION. Laws 1901, p. 222, requiring the purchaser of a stock of goods in bulk to demand a list of all the vendor's creditors, and prescribing a form of affidavit to be made by the vendor which shall specify all his creditors, with the amount of the indebtedness, and further specifying that no creditors holding claims for goods sold or money loaned to carry on the business have been omitted from the list, is intended to protect all creditors, and a sale without complying with the statute is void as to general creditors, since the last clause of the affidavit relating to a special class can not change the scope of the statute expressly applying to all creditors.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered May 4, 1903, upon setting aside the verdict of a jury rendered in favor of the defendants by direction of the court and granting a new trial, in an action of claim and delivery for goods levied upon. Reversed.

*John A. Pierce*, for appellants.

*Roche & Onstein*, for respondents.

[1]Reported in 78 Pac. 787.

MOUNT, J.—In March, 1903, one Ernest Eklund was conducting a second hand store in Spokane. On the 26th day of March he sold his business, and the whole of the goods, wares, and merchandise in ·stock, to respondents, without attempting to. comply with the act of 1901 relating to the sale and transfer of goods, wares, and merchandise in bulk. At ·that time Ernest Eklund was indebted to appellant Hopkins for services as an attorney at law. After the sale, Hopkins obtained a judgment against Ernest Eklund in the justice court. An execution was issued upon this judgment, and placed in the hands of appellant Saling, a constable, for service. Saling levied upon the stock of goods and merchandise. Thereupon respondents claimed the goods under the provisions of § 6661, Bal. Code. Thereafter a trial was had before a justice of the peace, who found against the claimants, and in favor of the appellants.

Subsequently the respondents appealed to the superior court of Spokane county, where a trial of the same issues was had before the court and a jury. The superior court, after hearing the claimants' evidence, directed a verdict in favor of appellants, on the ground that the sale of the goods by Ernest Eklund to respondents was void. Subsequently the superior court, upon motion of respondents, granted a new trial, upon the ground that the appellant Hopkins was a general creditor of said Ernest Eklund, and not a creditor on account of goods, wares, and merchandise, purchased by said Ernest Eklund, or on account of money borrowed to carry on the business of which said goods were a part. This appeal is prosecuted from the order granting a new trial.

The only real question presented is whether the act of 1901 (Laws 1901, p. 222), relating to the purchase, sale and transfer of stocks of goods, wares, and merchandise

in bulk, applies only to certain creditors, or applies to all
the creditors of the vendor alike. Respondents argue,
and the lower court held, that the act applies only to
those creditors "for or on account of goods, wares, or
merchandise purchased upon credit, or on account of
money borrowed to carry on the business." Section 1
of this act provides:

"It shall be the duty of every person who shall . . .
purchase any stock of goods, wares or merchandise in
bulk . . . to demand of and receive from such
vendor . . . a written statement, sworn to sub-
stantially as hereinafter provided, of the names and
addresses of all the creditors of said vendor, to whom
said vendor may be indebted, together with the amount
of the indebtedness due . . . each of such creditors;
and it shall be the duty of said vendor, or agent, to fur-
nish such statement, which shall be verified by an oath
to the following effect:

"State of Washington, County of ————, ss: Be-
fore me personally appeared ———— (vendor, or agent,
as the case may be), who being by me first duly sworn
upon his oath doth depose and say that the foregoing
statement contains the names of all of the creditors of
———— (the name of the vendor), together with their
addresses, and that the amount set opposite each of said
respective names is the amount now due and owing, and
which shall become due and owing by ———— (vendor)
to such creditors, and that there are no creditors holding
claims due, or which shall become due for or on account
of goods, wares or merchandise purchased upon credit or
on account of money borrowed to carry on the business
of which said goods are a part, other than as set forth in
said statement, and in this affidavit, are within the per-
sonal knowledge of affiant.

"Subscribed and sworn to before me this —— day
of ————, 190—."

Section 2 provides that whenever any person shall pur-
chase any stock of goods without having first received

from the vendor the statement provided for, and without paying or seeing to it that the purchase money is applied to the payment of the bona fide claims of creditors of the vendor, as shown on said statement, share and share alike, such sale shall be fraudulent and void. Section 3 provides that any vendor of any stock of goods, who shall knowingly or wilfully make a statement which shall not include the names of all the creditors of said vendor, with the aggregate amount due and to become due each of them, shall be deemed guilty of perjury.

It seems perfectly clear that this act requires a statement by the vendor of *"all the creditors."* There is no distinction made in the act between classes of creditors, unless it is found in the form of the oath which the act provides must be attached to the statement. The latter part of the oath requires the vendor to say "and that there are no creditors holding claims due, or which shall become due for or on account of goods, wares or merchandise purchased upon credit or on account of money borrowed to carry on the business of which said goods are a part, other than as set forth in said statement." This language in the form of the verification cannot be held to change the scope of the statute, where the intention of the act is clearly to include *all creditors* without distinction and treat them all alike. The first part of the oath requires the vendor to say that the statement contains the names of *all the creditors* of the vendor. The object of this act was, no doubt, to protect wholesale merchants particularly against fraudulent sales by retailers; but the act by its terms protects all creditors of merchants alike. *McDaniels v. Connelly Shoe Co.,* 30 Wash. 549, 71 Pac. 37, 60 L. R. A. 947. The evident purpose of the last clause of the verification above referred to was to emphasize the fact that the list or

statement to which it was attached contained the names of all the creditors, and that there were no creditors of particular classes left out. This clause adds nothing to the facts stated previously in the verification, and it takes nothing away; it simply confuses. The lower court was, no doubt, misled as to the meaning of the act by this language in the verification, and for that reason granted a new trial. The verdict was, we think, properly directed upon the facts, for the reason that the act applies to *all the creditors* of the vendor of stocks of merchandise in bulk.

The order granting a new trial is therefore reversed, and the cause remanded with instructions to the lower court to enter a judgment upon the verdict in favor of the appellants.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.