In re P. PASTENE & CO., Inc.

(Supreme Court, Special Term, New York County.   December 16, 1914.)

1. FRAUDULENT CONVEYANCES &⇒305—SALES IN BULK—RIGHT OF CREDITORS —RECEIVERS.

Under Personal Property Law (Consol. Laws, c. 41) § 44, as amended by Laws 1914, c. 507, § 1, declaring that any purchaser of a stock of goods in bulk who shall not conform to the requirements of the section shall, upon "application" of any of the creditors of the seller, become a receiver and be held accountable for all goods which shall come into his possession, the creditor must establish his right by action, and cannot maintain an independent proceeding for the appointment of the purchaser as a receiver; the statute making the purchaser a sort of trustee.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 917–919; Dec. Dig. &⇒305.]

2. FRAUDULENT CONVEYANCES &⇒219—SALES IN BULK—RIGHT OF CREDITORS —"CREDITOR."

Under this law, the word "creditors" includes all creditors, and is not restricted to judgment creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 646; Dec. Dig. &⇒219.

For other definitions, see Words and Phrases, First and Second Series, Creditor.]

3. FRAUDULENT CONVEYANCES &⇒47—SALES IN BULK—STATUTE.

Personal Property Law, § 44, requiring a purchaser of a stock of goods in bulk to give notice under penalty of being held a trustee for creditors of the seller, is constitutional.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 34; Dec. Dig. &⇒47.]

In the matter of the application of P. Pastene & Co., a creditor of one Locurto, for appointment of one Bruschi, under the Bulk Sales' Act, as receiver of the debtor's business.   Application denied.

Hirson & Bertini, of New York City, for applicant.

---

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DAVIS, J. [1] This is an application under section 44 of the Personal Property Law (sales in bulk statute) for the appointment of the purchaser as receiver in an alleged sale in bulk transaction. The application is not made in a pending action. The petitioner relies for his procedure upon the following provision of section 44, referred to above:

"Any purchaser, transferee or assignee who shall not conform to the provisions of this section shall upon application of any of the creditors of the seller, transferror or assignor become a receiver and he held accountable to such creditors for all the goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale, transfer or assignment: Provided, however, that any purchaser, transferee or assignee who shall conform to the provisions of this act shall not be held in any way accountable under this section to any creditor of the seller, transferror or assignor or to the seller, transferror or assignor for any of the goods, wages, merchandise or fixtures that have come into the possession of such purchaser, transferee or assignee by virtue of such sale, transfer or assignment." Laws 1914, c. 507.

This statute does not contemplate the appointment of the purchaser as receiver in the ordinary sense. Such an interpretation of the statute would not be natural or reasonable, in view of the fact that the creditor's application is an act hostile to the title of the purchaser. The clear intention of the statute is to make the purchaser a trustee of the goods purchased, with the obligation to account to the creditors of the seller. Under this statute the creditor must establish his right by an action. He may bring an action in equity in behalf of all creditors who may desire to intervene against the purchaser and seller.

[2] The word "creditors," as used in this section, includes all the creditors of the seller who are to receive the notice referred to in the statute regardless of whether they are judgment creditors or not. Any of these creditors, to whom notice is required to be given, may bring the action on behalf of all of the creditors. It is not an action to set aside a sale because of noncompliance with the statute. The failure to comply with the statute renders the sale void, and the purchaser, instead of becoming the owner of the goods sold, on the complaint of any creditor shall be deemed to be, as a matter of law, a trustee for the creditors of the seller. As soon as the action is begun the purchaser is deemed to be a receiver, with the duty to account as trustee to the creditors pro rata for all the property sold to him in violation of the provisions of the statute. In such an action the usual remedies of injunction and receivership are available to the creditor.

[3] The act is constitutional. See Kidd, Dater & Price Co. v. Musselman Grocery Co., 217 U. S. 461, 30 Sup. Ct. 606, 54 L. Ed. 839; People v. Luhrs, 195 N. Y. 383, 89 N. E. 171; Lemieux v. Young, Trustee, 211 U. S. 489, 29 Sup. Ct. 174, 53 L. Ed. 295.

For the reasons mentioned above, this motion must be denied.