No. 21,093.

THE BYRON STATE BANK, *Appellant*, v. RICHARD CREEK et al. (THE FIRST NATIONAL BANK OF ANTHONY, *Appellee*).

### SYLLABUS BY THE COURT.

CREDITOR'S BILL—*Garnishment—Petition States Cause of Action.* The petition involved herein examined and held to state a cause of action as against the defendant bank.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed October 6, 1917. Reversed.

*E. C. Wilcox, Myrtle Youngberg,* both of Anthony, and *H. C. Kirkendall,* of Cherokee, Okla., for the appellant.

*Donald Muir,* of Anthony, for the appellee.

The opinion of the court was delivered by

WEST, J.: Plaintiff appeals from an order sustaining the defendant bank's demurrer to its petition, "for want of facts."

In substance the charge was that the plaintiff brought two separate actions before a justice of the peace, one against two brothers as partners and the other against one of them individually, and recovered a judgment against the partnership for $64.10 and one against the brother singly for $103 and another for $38.80, each with interest and costs. That the defendant was summoned as garnishee in the actions and answered that it had to the credit of the firm $307.69, but nothing belonging to the brother individually. That the bank had been ordered by the justice to hold this fund temporarily and later pay into court sufficient to pay the judgment against the partnership. The petition further alleged that in fact this brother was owner

of the $307.69 or a major .portion thereof, the other partner being merely nominal with no substantial interest in the fund which was kept in the name of the firm for the purpose of keeping the creditors of the one against whom the judgment was rendered from appropriating it by garnishment process. That this brother was wholly insolvent, had no property in the jurisdiction of the court or elsewhere on which execution could be levied; that the plaintiff could not appropriate the fund on deposit by garnishment or other legal process and had no adequate remedy at law by which it could collect out of such fund or in any other manner its judgment against the individual judgment creditor. Other creditors of the firm who had garnished were made defendants.

If, as a matter of fact, the fund to the credit of the firm actually belongs to the individual judgment creditor and is kept covered as alleged in the petition no way is suggested by which it could be reached by garnishment process in justice court and the petition on its face discloses a right on the part of the plaintiff to proceed in the way and for the purpose attempted. (*Ludes v. Hood, Bonbright & Co.* 29 Kan. 49; *Houghton v. Axelsson,* 64 Kan. 274, 67 Pac. 825; Gen Stat. 1915, § 7426; 12 Cyc. 38.) The formality of a useless execution was not essential. (*Taylor v. Stone & Lime Co.,* 38 Kan. 547, 16 Pac. 751.)

The order sustaining the demurrer of the defendant bank is reversed, and the cause remanded for further proceedings.