No. 21,549.

## FRANK H. BURNETT et al., *Appellants*, v. R. S. TRIMMELL, *Appellee.*

### SYLLABUS BY THE COURT.

1. BULK-SALES ACT—*Law Constitutional.* The bulk-sales act, chapter 369 of the Laws of 1915 (Gen. Stat. 1915, §§ 4894-4897), is a constitutional exercise of police power and is valid under both the state and federal constitutions.

2. SAME. Its provision punishing those who disobey its mandates does not conflict with the constitutional inhibition against imprisonment for debt except in case of fraud.

3. SAME—*Term "Creditors" Covers Creditors Generally.* The term "creditors" as used in the act is not confined to those who have sold merchandise to the vendor, but covers creditors generally.

4. SAME—*Sale of Merchandise—Sale Void—Purchaser Liable to Vendor's Creditors.* The sale having been made in bulk with entire disregard of the statute, the vendee in possession may be sued by a judgment creditor to subject the property to the payment of his claim, and such creditor is not restricted to the remedies of attachment, garnishment, or levy of execution.

5. SAME—*Petition States Cause of Action.* The petition states a cause of action, and it was error to sustain the demurrer thereto.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed May 11, 1918. Reversed.

*E. D. Mikesell,* of Fredonia, for the appellants.

*P. C. Young,* of Fredonia, for the appellee.

The opinion of the court was delivered by

WEST, J.: From an order sustaining a demurrer to their petition the plaintiffs appeal. The allegation, in substance, was that the plaintiffs were the joint owners and holders of two promissory notes executed by R. W. Kibler and wife in September, 1910; that from about August 25, 1916, to January 5, 1917, Kibler was the owner and in possession of a stock of merchandise at White Water, conducting a retail merchandise business; that about January 5, 1917, he sold all of the stock to the defendant, R. S. Trimmell, who took possession and retained the same, conducting a retail business; that this sale in bulk was made without compliance with chapter 369 of the

Laws of 1915; that on the 16th day of January, 1917, about eleven days after the sale, plaintiffs recovered a judgment against Kibler for $1,597.10, which has never been paid; that the sale from Kibler to Trimmell was void and of no force as to the plaintiffs, and that they are entitled to have the stock of goods and fixtures, or so much thereof as may be necessary, sold to satisfy the judgment and costs and costs of this action. The defendant demurred on the grounds that the court had no jurisdiction of the person of the defendant or subject of the action; that the plaintiffs had no legal capacity to sue; that several causes of action were improperly joined; and that no cause of action was stated.

The statute provides that such sale shall be void as against the creditors of the seller unless the purchaser receives from the seller a list of names and addresses of the creditors certified as directed, and unless at least seven days before taking possession of the property or paying therefor the purchaser shall notify in person or by registered mail every creditor whose name is stated in the list, or of whom he has knowledge, of the proposed sale. Provision is made for giving a bond in lieu of such notice. A seller knowingly and willfully omitting the name of any creditor or his address or making any false or incomplete list, or any surety on any bond provided for who shall falsely verify the same, is punishable by confinement in the county jail not exceeding ninety days or by a fine not exceeding $500, or both. Corporations, associations co-partnerships and individuals are included, but sales by executors, administrators, guardians, receivers, trustees in bankruptcy, or any public officer under judicial process are excluded.

It is ably argued that the act is void as unduly interfering with the right of contract, as a means of punishing criminally the failure of a merchant to pay his debts, and as class legislation; also, that it was not intended to cover general creditors who had no lien or were not shown to have furnished on credit some of the goods that made up the stock which was sold; and further, that the cause cannot be maintained in any event without making Kibler a party. Attention is called to numerous cases holding similar acts unconstitutional, and it is claimed that the one under consideration is peculiar in that the penalty

provided makes the sale void and not presumptively void merely.

The argument presented finds abundant justification in many decisions of the various courts, including that of the New York court of appeals in *Wright v. Hart*, 182 N. Y. 330, decided in 1905; but in *Klein v. Maravelas*, 219 N. Y. 383, the same court upheld a similar statute; calling attention to the former opinion and the dissents therefrom, it was said:

"Since *Wright v. Hart* was decided, the validity of like statutes has been upheld in two cases by the United States Supreme Court. (*Lemieux v. Young*, 211 U. S. 489, *Kidd, Dater & Price Co. v. Mussellman Grocery Co.*, 217 U. S. 461.) Objection to this statute on the ground of conflict with the federal constitution has thus been removed. We have still to determine, however, whether there is any conflict with our state constitution; and that requires us to say whether we shall adhere to our decision in *Wright v. Hart*.

"We think it is our duty to hold that the decision in *Wright v. Hart* is wrong. The unanimous, or all but unanimous, voice of the judges of the land, in federal and state courts alike, has upheld the constitutionality of these laws. At the time of our decision in *Wright v. Hart*, such laws were new and strange. They were thought in the prevailing opinion to represent the fitful prejudices of the hour. . . . The fact is that they have come to stay, and like laws may be found on the statute books of every state." (p. 384.)

After citing decisions of nearly every state in the Union upholding similar statutes, it was further said:

"Back of this legislation, which to a majority of the judges who decided *Wright v. Hart* seemed arbitrary and purposeless, there must have been a real need. We can see this now, even though it may have been obscure before. Our past decision ought not to stand in opposition to the uniform convictions of the entire judiciary of the land." (p. 386.)

This decision, rendered in 1916, voices the prevailing sentiment regarding this sort of legislation.

It is first contended that the sale not being void as between Kibler and Trimmell the latter had nothing to do with Kibler's debt; that the goods were not concealed; that Trimmell could not be sued without making Kibler a party. It is suggested that by giving bond to protect Trimmell attachment or garnishment might lie, but that a straight action against Trimmell cannot be maintained. Authorities are cited in support of these contentions, several of which involve fraudulent conveyances of property. The manifest intention of the legislature

Burnett v. Trimmell.

was to make the sale in this sort of a case void as to creditors, that is, of no force whatever. Therefore, finding Trimmell in possession of Kibler's goods, undertaking to handle them in a retail business as his own, they could be taken from him, or he could be compelled to subject them to the satisfaction of the plaintiff's judgment for the simple reason that they are not his; as to the plaintiffs they are Kibler's, and Trimmell has no business with them. Whether a personal judgment could go against Trimmell need not now be determined. In *Marlow v. Ringer*, 79 W. Va. 568, holding valid an act making the sale void *in toto* as against the creditors, the purchaser of a half interest in a retail business who added a stock equal to that purchased, the two becoming confused and commingled, the entire stock was held to be subject to execution and sale to satisfy the creditor holding a prior trust deed on the fixtures and in part reduced to judgment against the debtor. In a note in L. R. A., 1916 B, 974, it is said that the recent cases show a general disposition on the part of the courts to afford creditors every reasonable remedy, both at law and in equity, to enforce their rights. *Supply Co. v. Smith*, 182 Mo. App. 212, is cited, which holds that the remedies given to the general creditor are those of attachment, garnishment, and levy under general execution, in addition to the equitable remedy holding the vendee as a receiver or trustee. As to the remedy in equity, decisions are cited holding that when the seller dies intestate and insolvent a creditor, without waiting to reduce his claims to judgment, may maintain an action against the purchaser in possession for the appointment of a receiver, the disposal of the property, and the application of the proceeds to the payment of his claims, the other creditors intervening if they desire. (*Scheve v. Vanderkolk*, 97 Neb. 204.) It is said, also, that the creditors may maintain a suit in chancery against the fraudulent vendee to hold him directly liable to them to the extent of their debts when the goods have been resold or their identity lost. (*Daly v. Drug Co.*, 127 Tenn. 412; *Mahoney-Jones Co. v. Sams Bros.* 128 Tenn. 207.) The authorities cited support the text of the note.

If the plaintiffs could have proceeded by attachment, garnishment, or levy of execution, why may they not proceed by action to charge the goods in the defendant's hands with their

claim? Some of the features of this case were present in *Houghton v. Axelsson,* 64 Kan. 274, 67 Pac. 825, which was held not to be a creditor's bill.

"The action is-based solely upon the claim that by reason of the fraudulent character of the transaction in taking a chattel mortgage on Axelsson's property for more than was due to them, the defendants became the trustees of that property for the benefit of the creditors." (p. 276.)

(See, also, *Bank v. Creek,* 101 Kan. 552, 167 Pac. 1053; *Kohn v. Fishback,* 36 Wash. 69.)

As to the act itself, it is urged that by reason of the penalty clause the constitutional prohibition against imprisonment for debt except in cases of fraud is infringed. It will be observed that the penalty is not affixed for the failure to pay a debt, but for the willful omission of the name of any creditor or his address from a list required to be furnished. The power of the legislature to enact bulk-sales statutes has been thoroughly established and upheld as already indicated. Having the power thus to legislate, the authority to punish within reasonable limits the violation of such legislation is necessarily included. Various criminal and other statutes exist for the purpose of preventing or punishing fraud without impairing the constitutional safeguard against imprisonment for debt. Along with this contention is the other, that the legislature has no power to make a sale of this sort more than presumptively void, at most, and that nobody can be punished for anything amounting to fraud without being permitted to show that he had no fraudulent intent; but authorities are abundant holding that the legislature has power to make such sales absolutely void as against creditors, and the penalty is not for failure to pay a debt, but for failure to do the thing expressly enjoined by the statute in reference to preparing a list of creditors. (*Carriage & Sleigh Company v. McIntosh & Warren,* 107 Tex. 307, L. R. A. 1916B, 970; *Boise Assn. of Credit Men, Ltd., v. Ellis,* 26 Idaho, 438, Note L. R. A. 1915E, 917; *Glantz v. Gardiner,* (R. I.) 100 Alt. 913, L. R. A. 1917F, 226, Note L. R. A. 1917F, 230.)

The statute punishes only the seller who knowingly and willfully omits the names or makes a false or incomplete list. There is nothing about the language of the criminal feature depriving a defendant of an opportunity to show lack of knowl-

edge or intention; so it cannot be argued that a mere void sale *ipso facto* punishes the seller as a mechanical result, and therefore indirectly penalizes him for nonpayment of debt.

Another contention is that mercantile creditors only are intended, and that general creditors like the plaintiffs were not to be given the benefit of the statute. It has been held repeatedly, however, that by the term "creditors" is meant all creditors, both mercantile and general, regardless of whether they are judgment creditors or not. (Note L. R. A. 1917F, 232, and authorities there cited; *Ekland v. Hopkins*, 36 Wash. 179; *People's Sav. Bank v. Van Allsburg*, 165 Mich. 524; *In re P. Pastene & Co.*, 156 N. Y. Supp. 524; *Nash Hardware Co. v. Morris*, 105 Tex. 217; see, also, *Supply Co. v. Smith*, 182 Mo. App. 212.)

In view of modern legislation and decisions, it is held that the act is valid, and that the petition states a cause of action.

The order sustaining the demurrer is reversed and the cause remanded for further proceedings.