[No. 15731.   Department Two.   April 6, 1920.]

## J. S. GREGG, *Respondent*, v. JOHN REISINGER *et al.*, *Defendants*, JOHN CLARK, *Appellant*.[1]

FRAUDULENT CONVEYANCES (14)—SALE OF STOCK IN BULK—PAY-
MENT OF PRICE BEFORE RECEIPT OF AFFIDAVITS.  Where the purchaser of
a stock of goods in bulk took possession and paid most of the pur-
chase price before he demanded or received the list and affidavit of
creditors provided for by Rem. Code, §§ 5296, 5297, the transfer is
fraudulent as to creditors and void.

SAME (14)—SALE OF STOCK IN BULK—WHO ARE CREDITORS—MORT-
GAGEES.  A creditor who took a note secured by mortgage on real
estate is a creditor within the meaning of the sales-in-bulk act.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered September 10, 1919,
upon findings in favor of the plaintiff, in an action
upon contract, tried to the court.   Affirmed.

*Walter G. Kienstra*, for appellant.

*Nelson R. Anderson*, for respondent.

BRIDGES, J. — The respondent Gregg brought suit
against the defendants Reisinger and wife to recover
judgment on a promissory note, and at the same time
served a writ of garnishment on the appellant Clark.
Later, judgment was entered in favor of Gregg and
against Reisinger and wife for $2,766.20, besides costs
and attorneys' fees.   The garnishee answered, admit-
ting he owed the defendants $45.25.   The respondent
controverted this answer, and trial between the plain-
tiff and the garnishee defendant resulted in a judg-
ment against the latter for $1,188.86, with costs.   The
garnishee defendant has appealed.

The chief question involved in this case is whether
or not the sales in bulk act of this state has been com-

[1]Reported in 188 Pac. 765.

plied with. The facts, undisputed, or as found by the
trial court, are substantially as follows: Prior to
May 20, 1919, the appellant purchased from the de-
fendants a stock of merchandise and fixtures, consti-
tuting a grocery store, located in Seattle. He was to
pay therefor $1,293.84. He took possession of the
store prior to the 20th of May, and on that date was
in full possession. The writ of garnishment was served
on the 20th of May. On the 19th of May the appellant
paid, by check, to Reisinger and wife, $1,000 of the
purchase price. On the 21st of May, the appellant
obtained from the defendants a bill of sale to the prop-
erty he purchased, and also on that date he obtained
from the defendants, or one of them, an affidavit pur-
porting to give a list of the creditors of the defend-
ants. This affidavit shows the total amount of debts
of defendants to be $263.22. The respondent was not
listed as a creditor. Out of the balance of the purchase
price in his hands, Clark paid the creditors so listed.

It is plain from this statement that the appellant
did not comply with the sales in bulk act. The appel-
lant insists that he did comply with this act, and did
obtain the affidavits required by it, and did pay out of
the purchase price the creditors shown by such affi-
davit. He maintains that he cannot be held respon-
sible if the affidavit failed to give the respondent as
one of the creditors. The trial court, however, found
against the appellant on the facts. We have carefully
read the evidence and conclude that it preponderates
in favor of the findings made by the trial court.

In so far as it affects this question, Rem. Code,
§ 5296, being a part of the sales in bulk act, provides
that,

"It shall be the duty of every person who shall bar-
gain for, or purchase any stock of goods, wares or

merchandise in bulk, for cash, or on credit, before paying to the vendor . . . any part of the purchase price thereof . . . to demand of and receive from such vendor . . . a written statement, sworn to substantially as hereinafter provided, of the names and addresses of all the creditors of said vendor . . . together with the amount of indebtedness due or owing, and to become due and owing . . ."

Section 5297 of the same act provides that,

"Whenever any person shall bargain for, or purchase any stock of goods, wares or merchandise in bulk, for cash, or on credit, and shall pay any part of the purchase price . . . without first having demanded and received from the said vendor . . . the statement provided for in section 5296 and verified as there provided, and without paying, or seeing to it that the purchase money of the said property is applied to the payment of the *bona fide* claim of the creditors of the vendor as shown by such verified statement, share and share alike, such sale or transfer shall be fraudulent and void."

Under the facts as found, it is plain that the appellant paid most of the purchase price before he demanded or received the affidavit of creditors provided by this act; and, consequently, as to the respondent, who was one of the creditors, the transfer is fraudulent and void.

It appears that, when the defendant gave the note sued upon, it also secured the same by a second mortgage upon real estate, and appellant now contends that, on this account, respondent was not a creditor of the defendants within the contemplation of the sales in bulk act, and therefore, as against him, no affidavit was necessary. This exact question has been decided by this court against appellant's contention. *Eklund v. Hopkins*, 36 Wash. 179, 78 Pac. 787; *Stewart & Holmes Drug Co. v. Reed*, 74 Wash. 401, 133 Pac. 577.

See, also, *Calkins v. Howard,* 2 Cal. App. 233, 83 Pac. 280.

We find no error; the judgment is affirmed.

HOLCOMB, C. J., TOLMAN, and MOUNT, JJ., concur.

## ON REHEARING.

[*En Banc.*    November 5, 1920.]

PER CURIAM.—Upon a rehearing *En Banc,* the majority of the court adhere to the opinion heretofore filed herein, and for the reasons there stated, the judgment is affirmed.