[No. 16452.   Department Two.   September 22, 1921.]

B. C. PHILLIPS, *Respondent,* v. J. C. VERBEKE,
*Defendant,* G. L. SMITH *et al., Appellants.*[1]

FRAUDULENT CONVEYANCES (14)—SALE OF GOODS IN BULK—WHO
ARE CREDITORS—STATUTES—CONSTRUCTION.   The bulk sales law re-
quiring an affidavit as to creditors on the sale of a stock of goods
applies alike as to all creditors of the vendor, irrespective of
whether the transaction between the parties was separate from
and without regard to the business carried on by the vendor.

Appeal from a judgment of the superior court for
Spokane county, Hurn, J., entered September 13, 1920,
upon findings in favor of the plaintiff, in garnishment
proceedings, tried to the court.   Affirmed.

*W. C. Donovan,* for appellants.

*Clyde H. Belknap,* for respondent.

TOLMAN, J.—In January, 1920, respondent brought
suit against the defendant, J. C. Verbeke, upon a
cause of action alleged to have arisen on December 2,
1919.   He subsequently recovered judgment in the full
amount demanded, and a portion was thereafter col-
lected, but the judgment remained unpaid, unsatisfied
and in full force for upwards of $200.   In March, 1920,
the defendant, Verbeke, sold to appellants a grocery
store, comprising the stock of merchandise and fix-
tures, and thereafter, in a further effort to collect the
judgment, respondent caused a writ of garnishment
to issue directed to appellants.   In due time appel-
lants answered the writ, denying that they, or either
of them, were indebted to the principal defendant, or
that they had in their possession or under their con-
trol any property belonging to him.   The respondent
contested the answer of the garnishees, alleging that

[1]Reported in 200 Pac. 1091.

the defendant, Verbeke, had been engaged in the retail grocery business and became and was indebted to respondent in the sum of $300; that while the action to recover that amount was pending in the superior court, Verbeke sold and delivered his stock of merchandise in bulk to the garnishee defendants, without complying with the terms of the bulk sales law, or making an affidavit as to creditors which the statute requires, and that Verbeke's creditors were not paid out of the purchase money or at all; alleging that the sale to the garnishee defendants was therefore fraudulent and void, and that the value of the merchandise so transferred was approximately $1,500. A demurrer to this reply was overruled, and upon a trial the lower court found for the respondent in accordance with the allegations of his reply, and entered judgment against the garnishee defendants in the sum of $219.78, with interest and costs, from which they appeal.

Appellants contend for a construction of the statute relating to sales of merchandise in bulk which will limit its effect to those creditors holding claims arising on account of goods, wares and merchandise purchased upon credit, or money borrowed to carry on the business; arguing that it could not have been the intention of the legislature to protect those creditors of the vendor who had dealt with him individually, separate and apart from and without regard to his business. Appellants concede that we have held otherwise in *Eklund v. Hopkins*, 36 Wash. 179, 78 Pac. 787, there laying down the rule squarely that the statute in question applies alike to all of the creditors of the vendor, without distinction, and now invites us to overrule that case.

The *Eklund* case was decided December 13, 1904, and the legislature has met many times since without by

amendment changing the statute to avoid the effect of that decision, and the inference may be drawn therefrom that the legislative intent is correctly interpreted by that case. We have recently reaffirmed and approved the doctrine of the *Eklund* case in *Gregg v. Reisinger,* 110 Wash. 680, 188 Pac. 765, and being still of the opinion that it announces the correct rule, the judgment here appealed from is affirmed.

PARKER, C. J., HOLCOMB, MAIN, and MITCHELL, JJ., concur.