[No. 1435.  Decided February 20, 1895.]

E. B. MILLAR & Co. (a corporation), *Appellant*, v. C. H. PLASS *et al., Respondents.*

11  237
16  297
16  313
11  237
36   72

GARNISHMENT—LIABILITY OF FRAUDULENT GRANTEE—PROOF OF FRAUD.

In garnishment proceedings the plaintiff is entitled to show that the garnishee defendant, by reason of some understanding, either secret or expressed, is the trustee or holder of the property of the principal debtor in order to keep it out of the reach of creditors; and in such case the garnishee may be held by the creditor for the amount of the property, although the principal debtor may have no right to enforce a claim therefor against such garnishee.

In garnishment proceedings, the fraudulent character of the transfer of property from the principal debtor to the garnishee defendant may be shown under the statutory issue provided for in Laws 1893, p. 101, §§ 20, 22.

*Appeal from Superior Court, Pierce County.*

*Hoxie & Richardson,* for appellant:

Where a garnishee or intervenor sets up title in himself, it is competent for the plaintiff, on a general traverse or denial, to impeach that title on account of fraud or other invalidating circumstances, and thereby show that the property is still due for the defendant's debts. *Cummings v. Fearey,* 44 Mich. 39; *Healey v. Butler,* 66 Wis. 9; *Cahoon v. Ellis,* 18 Vt. 500; *Lamb v. Stone,* 11 Pick. 527; *Burlingame v. Bell,* 16 Mass. 320; *Kimball v. Evans,* 58 Vt. 655; Drake, Atachment, § 523; *Lackland v. Garesche,* 56 Mo. 267; *Brainard v. Van Kuran,* 22 Iowa, 261; *Bebb v. Preston,* 1 Iowa, 460; *Kerron v. North Pacific, etc., Co.,* 1 Wash. 244; *Morris v. House,* 32 Tex. 493; *Farrar v. Bates,* 55 Tex. 193; 8 Am. & Eng. Enc. Law, p. 1192, note 2.

*N. C. Richards,* and *Murray & Christian,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Appellant, Millar & Co., a corporation, brought suit in the superior court for Pierce county against Lawrence, Box & Co., for the recovery of $2,125, the value of merchandise which had been consigned to them to be sold on commission. The complaint alleged that the firm had sold said merchandise and converted the proceeds to their own use.

At the time of commencing said action the appellant caused writs of garnishment to issue, and caused the same to be served upon various parties, and among others upon Fred L. Drew, L. B. Stewart & Co., A. Cummings, Bond & Bennetts, C. H. Plass, and the Scandinavian-American Bank. Service was had upon all the garnishees upon June 19, 1893.

On August 17, 1893, respondent Knatvold, by leave of court first had, filed his complaint in intervention, in which he alleged that prior to the commencement of appellant's action against Lawrence, Box & Co., he, Knatvold, acquired by purchase from Lawrence, Box & Co. all right to all indebtedness owing by all or either of the garnishee defendants to the said Lawrence, Box & Co., "and that the rights of the said Lawrence, Box & Co. in and to all indebtedness owing by all or either of the defendants in garnishment to the said Lawrence, Box & Co., and all personal property and effects of said Lawrence, Box & Co., *in the possession or under the control of all or either of the said defendants* on the 17th day of June, 1893, were, on said last mentioned day, sold, assigned and transferred by said Lawrence, Box & Co. to said intervenor Knatvold, for a valuable consideration."

Appellant, on September 9th, filed its answer to said complaint in intervention, denying generally each

and every allegation contained therein; and on October 25, 1893, appellant caused a writ of garnishment to be served upon said respondent Knatvold, the same being in statutory form and requiring said garnishee defendant to appear and answer on oath touching or concerning any indebtedness owing by him to said Lawrence, Box & Co., and any property or effects belonging to them in his possession or under his control. Thereafter, on November 17, 1893, said Knatvold made answer alleging that he had neither money nor property in his possession belonging to said principal debtors at the time of the service of said writ of garnishment upon him, or at the time of making said answer; and on the following day the appellant traversed the answer of said garnishee defendant, Knatvold. Appellant Millar & Co. recovered judgment upon its claim against Lawrence, Box & Co., which judgment remains wholly unpaid.

After the service of the writs of garnishment upon the various garnishee defendants, and pending trial, the appellant and respondent Knatvold entered into a stipulation under which the garnishee defendants were permitted to pay the amounts due from them respectively to the clerk of the court, to abide the result of the proceedings pending between plaintiff and Knatvold as garnishee and intervenor; and, pursuant to said stipulation, various sums were so paid, amounting in the aggregate to $361.48.

On February 23, 1894, a trial was had to the court (a jury being expressly waived) of the issues between appellant and Knatvold and the bank as garnishees, and also of the issues arising in the intervention proceeding; all of said issues being submitted to the court and tried together under stipulation of counsel. Said trial resulted in a judgment in favor of respondents,

discharging each of them as garnishees and award-
ing costs in their favor against appellant, and judg-
ment in favor of respondent Knatvold, as intervenor,
and directing the clerk to pay over to him the amounts
paid by the other garnishee defendants, pursuant to
the stipulation above noticed; from which judgment
this appeal is prosecuted.

. On the trial, respondent Knatvold introduced in
evidence a bill of sale executed by said Lawrence, Box
& Co., of date June 17, 1893, to the respondent, whereby,
in consideration of one dollar, the said Lawrence, Box
& Co. sold, assigned and transferred unto the said
Knatvold "all of the lumber (belonging to said Law-
rence, Box & Co.) of every description, situate at
Meeker Junction or elsewhere in the State of Wash-
ington." Also, " all the stock of merchandise  .  .  .
contained in the store building at Meeker Junction,
Pierce county, Washington; and also all the stock of
merchandise on consignment with P. B. Lawrence in
the city of Tacoma. Also, all accounts, bills receivable
and choses in action now due or owing to us for any
of such lumber or merchandise heretofore sold by us,
or to become due; all such sales subject, however, to
the payment of the costs and expenses of the suit,
Hastie Lumber Co. v. Lawrence, Box & Co., now pend-
ing in the superior court of said Pierce county."

Under examination of his counsel, Knatvold testi-
fied that the consideration expressed in said bill of
sale, viz., " one dollar," was not the actual considera-
tion paid by him for the property therein named; that
the actual consideration was notes of Lawrence, Box &
Co., held by the respondent bank, of which he, Knat-
vold, was cashier; said notes being for a large sum of
money; and also other claims which he, Knatvold,
assumed and agreed to pay. The plaintiff, on cross-

examination of said respondent Knatvold, and subsequently by putting him upon the stand as its own witness, sought by various questions directed to him to show that the transaction between Knatvold and Lawrence, Box & Co. was not a sale, but substantially an assignment for the benefit of creditors, and being preferential, was void as to creditors; also to show that Lawrence, Box & Co. were, at the time of making said bill of sale, insolvent, and that Knatvold knew of such insolvency, and that the transfer was made and accepted in fraud of creditors. Appellant also sought to show the character and extent of the property so transferred, and that it constituted all of the property of the firm of Lawrence, Box & Co., and that subsequent to the transfer Knatvold knowingly permitted one of the members of said firm to collect and appropriate to his individual use accounts aggregating about $1,500.

Upon objection of respondents' counsel, the lower court refused to allow the witness to answer any of such questions. The theory of the learned court below in excluding such testimony is not apparent from an inspection of the record, but we infer that such rulings were made upon the assumption that plaintiff could not hold the garnishee for any claim or property upon which he could not be held by the principal debtor; and, secondly, that under the statutory issue in garnishment proceedings, the fraudulent character of the conveyance ( if such was its actual character) could not be shown; and we deem it unnecessary to extend this opinion beyond a consideration of these two questions.

We think that, if Knatvold was in fact the debtor of Lawrence, Box & Co., by reason of some understanding, either expressed, secret or otherwise, that he should be their trustee, agent, depositary or holder of the prop-

erty, or any part of it, for their benefit, in order to keep their creditors from reaching it, then the plaintiff would be entitled to hold him as garnishee for the amount of property so held or received by him; and that, too, without regard to whether, as between themselves, Lawrence, Box & Co. could enforce a claim against Knatvold for it.   To hold that a creditor cannot compel a garnishee to account for property received by him in virtue of a fraudulent and collusive arrangement with the principal debtor, would be to render the process valueless in many cases.   As against the garnishing creditor, the garnishee holding the property of the principal debtor fraudulently is a wrong-doer, and his possession is not a rightful possession.   *Cowles v. Coe*, 21 Conn. 220; *Healey v. Butler*, 66 Wis. 9 (27 N. W. 822); *Maher v. Brown*, 2 La. 492; Drake, Attachments (7th ed.), § 523.

This rule encroaches on no constitutional or legal right of the garnishee.   He is required to be served, and has the time afforded defendants in ordinary actions for answering, with the same right to a trial by jury upon issues settled under the direction of the court, and is surrounded by all the safeguards that the law would afford him in any form of action, including the right of appeal.

As to the remaining question, it is provided by the statute ( §§ 20 and 22, ch. 46, Laws 1893, p. 101), that if the plaintiff is not satisfied with the answer or disclosures of the garnishee, he may controvert the same by affidavit in writing; and if the answer of the garnishee is controverted, an issue shall be formed *under the direction of the court* and tried as other cases; provided, however, "no pleadings shall be necessary on such issue other than the affidavit of the plaintiff, the answer of the garnishee and the reply of the plaintiff

or defendant controverting such answer, unless otherwise ordered by the court."

We think, considering the character of the proceeding and the statute governing it, that it was the right of the plaintiff to submit this proof under the statutory issue then pending, subject to the discretionary power of the court, under the proviso above quoted, to order further pleadings and a more direct issue to be framed. And it appears from the record that upon the trial the plaintiff made application to amend his pleading by expressly alleging fraud in the transfer from Lawrence, Box & Co., to Knatvold; but that the court, upon respondent's objection, refused to permit such amendment to be made.

For the purpose of ascertaining and determining the character, extent and effect of the so-called bill of sale, it was competent for the plaintiff to show the circumstances surrounding its execution. The plaintiff was entitled to its history the better to enable the court to determine its legal effect as against creditors. Some of the questions ruled out were calculated to show that a secret trust for the benefit of Lawrence, Box & Co. existed, resting in parol and not apparent upon the face of the bill of sale. Others were designed to develop circumstances from which fraud might be properly inferable. The plaintiff should have been permitted to thoroughly sift the transaction. Fraud can rarely be shown fully by one or two questions, and it was plaintiff's right to explore the entire field. A wide range of inquiry is permissible in the investigation of fraud, and we think it was the right of plaintiff to ask any question of the garnishee defendant touching or concerning property theretofore received from the principal debtor that might or could properly be asked under any condition of pleading.

How this evidence, if admitted, might affect the verdict or finding is not for our present consideration. Competent and legal evidence which the plaintiff was entitled to have considered was excluded, and its sufficiency in connection with all the facts and circumstances established upon the trial is not within the range of the present inquiry and cannot be determined. This court, in the exercise of its appellate jurisdiction, has no right to speculate upon its probable effect in a case where, as here, the issue involved a question of fraud, to establish which direct and positive proof is not required, but which very often is made up of circumstances from which the inference of fraud is natural and irresistible.

The judgment is reversed, and the cause remanded for a new trial.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.