[No. 5064.   Decided October 14, 1904.]

CHARLES KOHN, *Appellant,* v. N. B. FISHBACH, *Respondent.*[1]

FRAUDULENT CONVEYANCES—SALES—STOCK OF GOODS IN BULK—
PURCHASER TRUSTEE FOR CREDITORS—GARNISHMENT AFTER DIS-
POSAL OF GOODS. One who buys a stock of merchandise in bulk,
without complying with the statute requiring him to demand
a list of the vendor's creditors and to see that the purchase
price is applied to their payment, holds the property in trust for
such creditors, and is liable to them in an action of garnish-
ment, although he is not indebted to the vendor and has dis-
posed of the goods.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered October 29, 1903, upon
findings and conclusions of the court, dismissing a garnish-
ment proceeding, after a trial on the merits before the
court without a jury. Reversed.

*Sharpstein & Sharpstein,* for appellant.

*P. J. Cavanaugh,* for respondent.

DUNBAR, J.—This action was commenced by plaintiff
against defendant on February 24, 1903, by the filing of
an affidavit for a writ of garnishment directed to said de-
fendant, said affidavit alleging that defendant was indebted
to one Sol Hardman, and had in his possession and under
his control personal property belonging to said Hardman.
The answer was a denial of these allegations. The reply
set up the fact that Hardman had engaged in a retail
business in Walla Walla county, and, while so engaged,
had become indebted to plaintiff for goods, purchased from
plaintiff, and used in said retail business as a part of the
stock in trade; that, while so indebted, respondent pur-

[1]Reported in 78 Pac. 199.

chased said stock in bulk from Hardman, paying to Hardman the purchase price of said stock, without complying with the provisions of an act entitled, " An act to regulate the purchase, sale, transfer, and incumbrance of stocks of goods, wares, or merchandise in bulk, and prescribing penalties for the violation thereof." Laws 1901, p. 222.

The court found upon the trial, in substance, the following facts, viz.: That between the 25th day of March, 1897, and the 11th day of April, 1901, said garnisher, plaintiff in the principal case, sold and delivered to one Sol Hardman, defendant in the principal case, who was then carrying on the business of a retail liquor and cigar dealer at Waitsburg, in Walla Walla county, divers and sundry goods, wares, and merchandise, to be used by the said Hardman in his said business, and which became a part of his stock of merchandise used therein; that, after making divers and sundry payments, Hardman was indebted to said garnisher on the 13th day of December, 1901, on said sale of goods, in the sum of $281.19; that on the 10th day of March, 1902, Hardman, in consideration of the sum of $1,435, sold and delivered to said garnishee his said stock of goods, wares, and merchandise, in bulk; and that the said garnishee, upon the purchase of said stock, settled with Hardman and paid him therefor, without having obtained from him his verified statement of his indebtedness on account of the purchase of said stock, or of the names of his creditors, and without seeing that the purchase price of the goods was applied to the payment of the bona fide claims of his said creditors, and without paying said claims of said garnisher, who was then one of his creditors to the extent and amount above stated; that the stock of goods, wares, and merchandise, was, at the time of said sale of said Hardman to

said garnishee, worth more than the amount of said indebtedness of Hardman to the garnisher; that afterwards, on the 12th day of March, 1902, said garnishee sold and delivered to one Grossmiller, for a consideration which the evidence did not disclose, said business and said stock of goods, and wholly parted with the possession and control thereof; found that the action had been commenced by the garnisher against Hardman for the recovery of the aforesaid indebtedness and judgment recovered, and that the writ of garnishment had issued; but found that, at the time of the service of said writ of garnishment, said garnishee was not indebted to Hardman in any sum whatever, and had not in his possession or under his control any personal property or effects of Hardman; and, as a conclusion of law, found that said garnishee was entitled to the judgment and order of the court discharging him, and was entitled to recover, by said order and judgment, his costs and disbursements. Judgment was entered in accordance with the findings, and from such judgment this appeal is taken.

It seems to us that the court placed too literal a construction upon the statute, which provides that the garnishee is amenable to the writ, first, where, at the time of its service upon him, or at the time of answering it, he was indebted to defendant in the action to which the garnishment proceeding is auxiliary; or, second, where at one of those times, he had in his possession or under his control personal property or effects belonging to such defendant. It is true, the garnishee answered, and probably in accordance with the facts, that he did not at that time have any of the property of the defendant in his possession, and that he was not indebted to him. But, in contemplation of law, he had the property of the defendant in

his hands, because, having purchased the property in fraud of law, without complying with the provisions of the law in relation to sales of property in bulk, he stood in the position of a trustee of the property, responsible to the *cestui que trust* or the creditors for the disposition of such property. It is unnecessary to cite authorities on the general proposition, for it has been held by this court, in *Fitz Henry v. Munter,* 33 Wash. 629, 74 Pac. 1003, that such was the position of the purchaser who purchased without complying with the law, the court saying:

"We are all of the opinion that the sale of these goods was a sale in bulk, within the contemplation of the act, which also provides that such sale shall be void. We also think that the object of this law was to hold the goods of debtors under such circumstances as a trust fund for the benefit of all the creditors, and to hold the purchaser in possession as a trustee for such creditors."

See, also, *Millar v. Plass,* 11 Wash. 237, 39 Pac. 956.

As to the proposition that the evidence does not show the value of the property, at the time the same was disposed of by the fraudulent vendee, the findings of fact show that the garnishee purchased this property, paying therefor $1,435, and that the same was of more value than the amount appellant claimed.

The judgment will be reversed, and the cause remanded with instructions to proceed in accordance with this opinion.

FULLERTON, C. J., and HADLEY, and MOUNT, JJ., concur.