[No. 9047.   Department Two.   February 28, 1911.]

ANGIE COLLINS *et al., Executors etc., Appellants,* v.
A. N. HOFFMAN *et al., Respondents.*[1]

TAXATION—FORECLOSURE—VACATION—FRAUD— EVIDENCE— ADMIS-
SIBILITY—ATTORNEY AND CLIENT—PRIVILEGE. Upon an issue of fraud
in an action to set aside a tax foreclosure, where it appears that
the certificate of delinquency was issued to the manager and sec-
retary of a corporation, then the owner of the property, and as-
signed to a third party, and subsequently the corporation con-
veyed the property to plaintiff, and the tax foreclosure proceeded
in the name of the assignee and against the corporation, the man-
ager accepting service, without giving any notice to the plaintiff,
it is error to exclude evidence of the attorney who foreclosed the
certificate, and ostensibly represented the assignee, showing that
he was in fact employed by the manager of the corporation, the
sole defendant in the foreclosure suit; since the attorney's testi-
mony and letters between him and the manager are not privileged,
and the existence of the relation of attorney and client between them
would establish the fraud.

FRAUD—EVIDENCE—ADMISSIBILITY. Upon an issue of fraud, tried
to the court, latitude should be allowed to show any circumstances
from which fraud could be naturally inferred.

CORPORATIONS — OFFICERS —REPRESENTATION— FRAUD—TAXATION—
SALE. The secretary and manager of a corporation cannot purchase
at a tax sale property of the corporation without color of fraud
against the corporation or its grantee.

WITNESSES—PRIVILEGE—ATTORNEY AND CLIENT. An attorney is
not privileged from disclosing by whom he was employed nor the
terms of the employment.

SAME. Letters between an attorney and client are not privileged
irrespective of the nature of the confidential disclosures.

APPEAL AND ERROR—DECISION—REMAND. The dismissal of a case
tried to the court, upon excluding plaintiff's evidence, results in a
mistrial, as the supreme court cannot try the cause *de novo,* or pre-
clude the defendants from making their defense.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered February 11, 1910, dis-
missing an action to cancel a tax foreclosure deed and to

[1]Reported in 113 Pac. 625.

quiet title, after a trial before the court without a jury. Reversed.

*Hughes, McMicken, Dovell & Ramsey,* for appellants.

*Kerr & McCord,* for respondents.

Morris, J.—Appellants sought in this action to vacate and set aside all proceedings in the foreclosure of a certificate of delinquency for unpaid taxes, upon the ground of fraud. They alleged in their complaint, that on February 13, 1900, the county treasurer of Chehalis county issued the certificate to Robert Lytle; that on the 18th of June, 1900, the respondents fraudulently obtained an assignment of this certificate to respondent Hoffman; that at the time, and until May 3, 1901, the Fidelity Trust Company, a corporation of which respondent Gleason was manager and secretary, was the owner of the premises covered by the certificate, and that on said day the trust company conveyed the property to John Collins; that on August 6, 1902, respondents, for the purpose of defrauding Collins, who had no knowledge that the taxes were unpaid or the certificate issued, commenced the foreclosure action, Gleason accepting service on behalf of the trust company; that Gleason was the real party in interest in the obtaining of the assignment and the instituting of the foreclosure proceedings, and paid all costs therein, Hoffman simply lending his name to Gleason for the purpose of the transaction; that in October, 1902, judgment was entered in the foreclosure proceedings, and on April 22, 1903, Collins died without any knowledge of any of these matters. There are other allegations in the complaint relative to the fraud claimed to have been perpetrated upon Collins, which it will not be necessary to set forth for the purpose of setting forth our view of the questions submitted. Respondents answered, denying the fraud, and the cause came on for trial.

Appellants called as a witness L. H. Brewer, who was deputy prosecuting attorney of Chehalis county at the time

of the foreclosure, and conducted the foreclosure proceedings. He was asked how he happened to appear as attorney in the proceeding, whether by ordinary retainer or otherwise; to which respondents entered an objection, and the same was sustained. Counsel for appellants then offered to show by the witness that he acted in the foreclosure proceedings by virtue of his relation to the prosecuting attorney's office, under the statute making it the duty of prosecuting attorneys of all counties to conduct, without charge or fee, all proceedings for the foreclosure of certificates of delinquency; and that while so acting, he received a number of letters from Gleason containing evidence of appellants' contention that Gleason had paid all the expenses of the foreclosure proceedings, given directions in regard to the same, and was the real owner of the certificate; and in support of this offer, copies of certain letters were offered in evidence. Counsel for respondents objected to these letters, upon the ground that they came within the rule of privileged communications between attorney and client, which objection was sustained. The witness was then asked if he had ever received any compensation from respondents for his services in the foreclosure proceedings. He refused to answer upon the ground of privilege, and his refusal was sustained by the court. He was then asked if he had written any letters to respondents during the foreclosure proceedings, or in reply to letters addressed to him by Gleason; to which objection was made upon the ground of privilege, and sustained. At the conclusion of the evidence, the court entered judgment of dismissal, and the case is brought here for review of the errors assigned in the foregoing rulings.

We are of the opinion that each of these rulings was erroneous. The issue was fraud.

"From the very necessities of the case, and from the fact that fraudulent intentions are always hidden, and that fraudulent motives are always concealed or attempted to be concealed, courts allow the widest possible latitude consistent

with established rules of law in the investigation of causes wherein fraud is alleged; and the rules governing the introduction of testimony are necessarily relaxed." *O'Hare v. Duckworth*, 4 Wash. 470, 30 Pac. 724.

Upon such an issue as here raised, especially in a trial to the court alone, the plaintiff should have been permitted to thoroughly sift the transaction and explore the entire field, and show any circumstances from which an inference of fraud was natural. *Millar & Co. v. Plass*, 11 Wash. 237, 39 Pac. 956. Upon the face of the record before the court, Brewer, whether as deputy prosecuting attorney or private counsel, represented Hoffman, named as assignee of the certificate and plaintiff in the foreclosure proceedings; but this could not prevent appellants showing, by Brewer himself, that Hoffman was but a name under which Gleason, the true owner and real plaintiff, was acting. If the facts were as they appeared upon the face of the record, and Hoffman was the true assignee and real plaintiff, no communication between Brewer and Gleason could have been privileged. In order to hold such a privilege, the court must have found that Gleason was the true owner and plaintiff, which was the very thing that appellants were seeking to prove and which, coupled with Gleason's admission that he was the manager and secretary of the Fidelity Trust Company, the grantor of Collins, and owner of the property at the time of the issuance of the certificate, and the only named defendant in the foreclosure proceedings, would have gone a long way in proving what appellants were seeking in the action to establish. The law would hardly permit Gleason, representing the Fidelity Trust Company in so close and confidential a relation, whose duty it was to pay the taxes, to become a purchaser at a sale made because of the failure to pay the taxes, and obtain a title without color of fraud as against either the trust company or its grantee. *Moss v. Shear*, 25 Cal. 38; *Christy v. Fisher*, 58 Cal. 256. In no event was Brewer privileged from disclosing by whom he was employed in the

foreclosure proceedings, nor the terms of such employment. *Stanley v. Stanley*, 27 Wash. 570, 68 Pac. 187; Weeks, Attorneys, 324.

Neither was he disqualified or under privilege from disclosing any communication not in the nature of a confidential disclosure. *Williams v. Blumenthal*, 27 Wash. 24, 67 Pac. 393; *Aaron v. United States*, 155 Fed. 833. Neither were the letters, copies of which were included in the offer of proof and which are sent up in the record as "identifications," inadmissible or improper as evidence because of being privileged. They do not come within the rule of privileged communications given to an attorney in strict and professional confidence, in order to enable him the better to ascertain his client's rights and to protect and maintain them. And while we confess the sound and wise policy of the law in establishing the rule of privilege as between attorney and client, it will not do to say that, because of such a relation, every act and communication between them, irrespective of its nature, is within the rule, and the relationship once being established all further inquiry must cease. These letters, however, are only here as identified offers of proof. They were not properly identified so as to admit them as evidence, because of the court ruling them as privileged. We cannot, therefore, accept and review them as evidence, and are limited to passing upon their admissibility. Neither could we foreclose respondents' right to meet them in any proper way. We are, therefore, unable to try the cause *de novo* here, or to direct any judgment other than to announce a mistrial because of erroneous rulings in the refusal to admit evidence.

The judgment is reversed, and the cause remanded for a new trial.

DUNBAR, C. J., and CROW, J., concur.

CHADWICK, J. (concurring)—Gleason was secretary and manager of the Fidelity Trust Company, and Hoffman was cashier of the American Savings Bank, an allied corporation, at the time Collins acquired the legal title to the property in

controversy.  If the certificate was acquired by Gleason or Hoffman—it can make no difference—at a time when the legal title was in the trust company, and the trust company sold the property to Collins, it knew, being charged with the knowledge of its manager Gleason, that the certificate was outstanding; and upon the foreclosure, which was directed by Gleason, it became the duty of the trust company and Gleason, its manager, to inform its grantee, or at least make him a party to the foreclosure proceeding.  Instead of doing this, service was accepted by Gleason for the trust company, the acceptance being as follows:

"This is to certify that I am one of the officers of the Fidelity Trust Company, and that I have power by virtue of the position I hold to accept service for said company, and I further certify that on this 7th day of August, A. D. 1902, I said Fidelity Trust Company, through me, received a true and certified copy of the hereto attached summons, wherein A. N. Hoffman was plaintiff and Fidelity Trust Company defendant, said copy being certified to be a true copy of the original by L. H. Brewer, Deputy Prosecuting Attorney of Chehalis county, Wash., and all further service is hereby waived.          Fidelity Trust Company,
                         "By J. P. Gleason, Sec'y."

It cannot be successfully contended that either Gleason or Hoffman could set up title under the foreclosure as against the trust company, and clearly, equity should not tolerate such an assertion against its grantee.  An officer of a corporation should not be allowed to profit at the expense of those who deal in good faith with the corporation, or to suppress such information concerning its transactions as would in good conscience inure to their benefit.  There is enough in the record to warrant a judgment in favor of appellants; but being overruled in this conclusion, I can nevertheless concur in the result.