[No. 10849.    Department Two.    March 3, 1913.]

PAUL FRIEDMAN, *Respondent*, v. A. W. BRANNER, *Defendant*,
PATRICK E. SULLIVAN, *Garnishee, Appellant.*[1]

FRAUDULENT CONVEYANCES—SALES IN BULK—AFFIDAVIT AS TO CRED-
ITORS—LIABILITY OF PURCHASER—GARNISHMENT—PERSONAL LIABILITY
OF GARNISHEE. When a purchaser of a stock of goods in bulk fails
to take an affidavit as to the creditors, which by Rem. & Bal. Code,
§ 5296, is made a prerequisite of the validity of sales in bulk, he be-
comes a trustee, and if he disposes of part of the goods, he becomes
personally liable to the creditors of the vendor, without first pur-
suing the property, and without showing that he, as a garnishee de-
fendant, has sufficient of the property of the debtor remaining under
his control to satisfy the judgment.

Appeal by a garnishee from a judgment of the superior
court for King county, Main, J., entered July 2, 1912, upon
findings in favor of the plaintiff, in actions on contracts. Af-
firmed.

*Richard Saxe Jones*, for appellant.
*Morris B. Sachs*, for respondent.

MORRIS, J.—This appeal involves the construction of the
sales in bulk law, and the proper judgment to be entered
against garnishee defendants, who purchased the goods and
business in bulk from the original debtor without taking the
required affidavit. The material facts presenting these ques-
tions are about these: Defendant purchased a saloon busi-
ness from one G. W. Crowe, borrowing $2,000 from respond-
ent to pay upon the purchase price, and giving Crowe notes
for the balance. Branner proceeded to do business at the
location, and under the license purchased from Crowe, until
the expiration of the license. He then obtained a new lo-
cation and a new license, moving the fixtures and such mer-
chandise as was not disposed of from the old to the new lo-
cation. Branner carried on his saloon business in his new

[1]Reported in 130 Pac. 360.

location from April until the following October, when he sold the business, license, and good will to Sullivan, receiving the full purchase price in cash.   At this time Branner was indebted to Crowe upon the purchase from him, and to respondent upon the loan obtained at the time of the Crowe purchase.   Shortly thereafter Branner disappeared, leaving no trace of his whereabouts.   Sullivan, at the time of his purchase, was informed by Branner that there were no debts against the saloon.   In order to satisfy himself of this fact he examined the records in the county auditor's office, and found no record evidence of any indebtedness.   It was suggested to Sullivan by the attorney who drew the bill of sale from Branner to Sullivan, that the statutory affidavit be taken, but Sullivan, having known Branner for some time, and being satisfied with the statement that there were no debts, waived this protection and the transfer was completed.  After the disappearance of Branner, actions were commenced by Crowe and respondent to recover the balance due upon their respective claims, serving Branner by publication and obtaining a writ of garnishment against Sullivan.   In due course a personal judgment was entered against Sullivan for the respective amounts due Crowe and Branner, and Sullivan has appealed.   This appeal involves only the respondent's judgment, it having been stipulated that the Crowe judgment shall abide the event.

Appellant submits these questions: Can a personal judgment be entered against the garnishee, under the circumstances here present, without first pursuing the property, and without showing that the garnishee has sufficient property of the defendant under his control or in his possession to satisfy the judgment?   The statute and its interpretation as found in our previous holdings answers each of these questions in the affirmative.   The statute is found in Rem. & Bal. Code, § 5296 *et seq.*   It provides that, in cases of all transfers of merchandise in bulk, or whenever substantially the entire business or an interest therein is disposed of, an

affidavit shall be required, showing the names of all creditors, with the indebtedness due or to become due, and that when such affidavit is not taken, or the purchaser shall not see to it that the purchase price is applied to the payment of the claims of creditors of the vendors, such sale or transfer "shall be fraudulent and void." There can be no question but that under these provisions the sale to Sullivan was void as against the creditors of Branner. The sale being void, the property was the property of Branner in contemplation of law; or, if it or any part of it had been disposed of, the money obtained from its sale was the money of Branner. It is immaterial to what extent the original property obtained from Branner remained in the possession of Sullivan at the time of the garnishment. Under this statute, Sullivan had either the property itself or its purchase price. It was immaterial which; either was the property of Branner and subjected Sullivan to garnishment as having money or property of Branner in his possession or under his control.

In *Fitz Henry v. Munter*, 33 Wash. 629, 74 Pac. 1003, and *Kohn v. Fishbach*, 36 Wash. 69, 78 Pac. 199, 104 Am. St. 941, we held that, when the statutory affidavit was not taken, the goods attempted to be disposed of by the sale remained the goods of the vendor, and as such in the hands of the vendee were to be regarded as a trust fund, and the vendee the trustee for the benefit of the creditors of the vendor. As in legal contemplation the sale to Sullivan was fraudulent, the possession resulting from the sale was wrongful. Sullivan's position is in law no better than that of a purchaser of property for the purpose of defeating the just claims of his vendor's creditors. He can retain neither the property, nor, in case of its sale, the money obtained therefrom. *Millar & Co. v. Plass*, 11 Wash. 237, 39 Pac. 956; *Cowles v. Coe*, 21 Conn. 220. And, since he was wrongfully in possession of the property or its equivalent, Sullivan stands as does any other person who has wrongfully converted property to his use. He cannot say the remedy of those entitled to the prop-

erty is against the property itself only; but must respond in damages for its conversion. It is, we think, well established that, when a trustee such as Sullivan was in legal contemplation, in violation of his trust disposes of. the trust property, he is personally liable. 39 Cyc. 533; *Miller v. Butler,* 121 Ga. 758, 49 S. E. 754; *English v. McIntyre,* 29 App. Div. 439, 51 N. Y. Supp. 697; *McArthur v. Gordon,* 126 N. Y. 597, 27 N. E. 1033, 12 L. R. A. 667; *Ferguson v. Hillman,* 55 Wis. 181, 12 N. W. 389; *Citizens State Bank v. Council Bluffs Fuel Co.,* 89 Iowa 618, 57 N. W. 444.

It follows that the judgment must be affirmed.

CROW, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.