[No. 2498.　Oct. 8, 1921.]

## DOUGLAS FIR LUMBER CO. v. STAR LUMBER CO.

[Rehearing Filed Oct. 19, 1921.]

[Rehearing Denied Dec. 2, 1921.]

### SYLLABUS BY THE COURT.

The term "creditor," as used in the Bulk Sales Law (Laws 1915, c. 22), includes one who has obtained a judgment against the seller for his claim, although no execution has been sued out and return made thereon; and such creditor may recover judgment against the purchaser at the sale upon said judgment against the seller, where it is alleged in the complaint in the suit against the purchaser that the seller is insolvent and that the property transferred has been commingled by the purchaser so that it cannot be identified and separated.

Appeal from District Court, Union County; Leib, Judge.

Action by the Douglas Fir Lumber Company

against Star Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. S. Macy and Toombs & Taylor, all of Clayton, for appellant.

O. P. Easterwood, of Clayton, for appellee.

### SYLLABUS BY THE COURT.

RAYNOLDS, J. On November 23, 1917, the Clayton Construction Company, a partnership doing business at Clayton, N. M., sold to the Star Lumber Company, the appellant herein, all its merchandise and equipment used in its lumber business at Clayton, N. M. It is conceded that an attempt was made to meet the requirements of the Bulk Sales Law (Laws 1915, c. 22), but that the provisions thereof were not complied with. The purchase price was approximately $7,000. Part of this money was used in paying some of the cerditors of the Clayton Construction Company. The appellee, the Douglas Fir Lumber Company, an Oregon corporation, in October, 1917, sold to the Clayton Construction Company a carload of lumber, in payment of which, on December 31, 1917, a note for $1,459.22, due in 60 days, with interest at 8 per cent. and attorneys' fees threon, was given by the construction company to the Douglas Fir Lumber Company. This note not being paid at maturity, suit was brought and judgment recovered against the Clayton Construction Company for $1,697.48, which sum included interest and attorneys' fees provided in the note. Subsequently the appellee, Douglas Fir Lumber Company, demanded payment of this judgment from the Star Lumber Company, the appellant, and upon refusal brought this suit against said appellant. No execution was sued out against the Clayton Construction Company, but a transcript of the judgment was filed with the recorder of Union county. Upon trial of the case below by the court without a jury judgment was entered in favor of the Douglas Fir Lumber

Company against the Star Lumber Company for
the amount of its prior judgment against the Clay-
ton Construction Company, with interest, and addi-
tional attorneys' fees of $250 was also allowed in
the present suit; the judgment amounting in all to
$1,889.85. The Star Lumber Company. appeals to
this court from said last-mentioned judgment.

The appellant relies principally upon a demurrer
filed by it to the effect that the court was without
jurisdiction in a case of this kind; that the complaint
did not state facts sufficient to constitute a cause of
action, in that appellee, plaintiff below, was in no
position to obtain judgment against the appellant,
not having exhausted his remedy at law, nor having
had an execution returned unsatisfied, nor having
obtained a lien on the property transferred to the
appellant.

The whole case turns upon the construction of the
Bulk Sales Law, namely, chapter 22, Laws 1915,
which is as follows:

"Section 1. A sale of any portion of a stock of mer-
chandise, otherwise than in the ordinary course of trade in
the regular and usual prosecution of the seller's business, or
a sale of an entire stock of merchandise in bulk, shall be
void as against the creditors of the seller, unless the seller
and the purchaser together shall at least five (5) days before
the sale, make a full detailed inventory, showing the quantity
and, so far as possible, with the exercise of reasonable dili-
gence, the cost price to the seller of the various
articles included in the sale; and unless such pur-
chaser shall, at least five (5) days before the sale, in
good faith, make full explicit inquiry of the seller as to the
names and places of residence, or places of business, of each
and all of the creditors of the seller, and the amount owing
each creditor, and obtain from the seller a written answer to
such inquiries; and unless such purchaser shall retain such
inventory and written answer to his inquiries for at least six
months after such sale; and unless the purchaser shall, at
least ten (10) days before the sale, in good faith, notify
or cause to be notified, personally or by registered mail, each
of the seller's creditors of whom the purchaser has knowl-
edge, or can with the exercise of reasonable diligence acquire
knowledge, of said proposed sale, and of the said cost price

of the merchandise to be sold, and of the price proposed to be paid therefor by the purchaser."

The legislation represented by the above act is of recent origin, but is in force in many states of the United States. The provisions of the law are similar in most instances, and it seems to be conceded that all have for their object the prevention of the sale of goods in bulk until the creditors of the seller have been paid in full. The history of the law, its object, the purpose of its adoption, and construction thereof in many states are found in notes to Everett Produce Co. v. Smith, 2 L. R. A. (N. S.) 331, and McGreenery v. Murphy, 76 N. H. 338, 82 Atl. 720, 39 L. R. A. (N. S.) 374. It will be noticed by the terms of the statute that when its provisions are not complied with the sale made thereunder is void. Cases construing similar laws in other states are numerous, but the construction given to the law is not uniform. Many states have provisions of law in regard to fraudulent conveyances which are applied to and construed with the Bulk Sales Law, and a uniform or harmonious system is thus brought about. In this state, however, we have no statutory enactments in regard to fraudulent conveyances except as to assignments (chapter 7, Code 1915), which have no application in this case.

The law which we are considering makes no provisions as to the rights of creditors when the terms of the statute are not complied with. In many states a distinction is made between certain classes of creditors, as, for instance, a lien or judgment creditor being given a right of action in cases where he has made himself a lien or judgment creditor, and denied that right when he is not in such position. See Kohn v. Fishbach, 36 Wash. 69, 78 Pac. 199, 104 Am. St. Rep. 941; Rothchild Bros. v. Trewella, 36 Wash. 679, 79 Pac. 480, 68 L. R. A. 281, 104 Am. St. Rep. 973. Other states give the creditor a right to sue the purchaser at such a sale and obtain a

personal judgment against him, although no lien has been obtained, nor garnishment process sued out. Daly v. Sumpter Drug Co., 127 Tenn. 412, 155 S. W. 167, Ann. Cas. 1914B, 1101. From the language of the act and the apparent purpose thereof, we assume that the governing principle in legislation of this kind is that—

"Courts look with favor upon the rights of creditors, and will afford them every remedy and facility to detect and defeat any effort to defraud them of their just rights, and courts of law and courts of equity generally have concurrent jurisdiction in the matter of affording relief against fraudulent conveyances of debtors." 20 Cyc. 655.

As no distinction is made as to creditors and no remedy is given to them in attempting to collect their claims, many interesting questions arise which are not necessary for the determination of this case but which we note in passing. It is not apparent whether the law favors the diligent creditor who seeks to collect his claim from the purchaser, or whether the purchaser holds the property transferred as a trustee for all the creditors of the seller. To hold the purchaser as a trustee for the amount and value of the property transferred to him for the claims of the creditors of the seller is probably the most equitable method in such a case. Such a holding would be in conformity with the theory of the assignment and bankruptcy laws. But the Legislature has attached no conditions precedent to the creditor's recovery, nor has it determined the liability of the purchaser under such a sale. The word "creditors," as used in the statute, in its broadest sense would include all creditors of the seller from whom assets had been removed out of which they could collect their claims. It would include even mortgagees with deficiency judgments of this class. It would also include claims which might be contingent, and give the right of action to all who had claims at the time when by the transfer or sale the assets of the seller were de-

creased to such an extent that their accounts or claims could not be paid in full. It would, of course, include all creditors, whether or not they had by process of law attached or garnished the seller or his purchaser and segregated by process certain assets of the seller, out of which they sought to have their claims satisfied. By a broad construction of the law, the transfer from the seller to the buyer might render the latter liable, not only for the value of the assets transferred to him, but for all the seller's debts, although largely in excess of the property transferred.

We thus see that by the unlimited terms of the statute it would apparently cover many cases not intended by its makers, and we must seek a reasonable construction of it in the case before us.

Where the statute has not been complied with, as has been held by many courts, the sale is voidable only at the instance of any creditor. As between the parties the sale is valid. The sale thus being voidable, it would seemingly follow that the procedure is governed by that applicable to any ordinary transaction voidable because of fraud. Here we have a transfer of personal property subject to execution if it had remained in the hands of the debtor and vendor. It is transferred to the vendee in fraud of the rights of creditors of the vendor. The creditor in this instance is seeking to subject the property to execution, and such would be his remedy if the property were still in the hands of the vendee.

The complaint in this case shows that property of the debtor of much greater value than the indebtedness owing the appellee was transferred to the appellant in violation of the bulk sales statutes and in fraud of the rights of the appellee; that the original debtor was insolvent; that a judgment had been obtained against him; that the original debtor

had no property in the state subject to execution; that the appellant had commingled the property with other like property owned by the appellant; and that it was impossible to segregate·the property upon which appellee had a right to have execution levied.

Because of these facts appellee asked that the sale be avoided and that it have personal judgment against the appellant for the amount of its claim against the original debtor. It is argued that the demurrer should have been sustained because the complaint failed to show the issuance of execution against the original debtor and its return nulla bona. There is authority to sustain the proposition, but before equitable relief will be afforded by the courts in case of a fraudulent transfer of property by the debtor, it is essential for the complainant to show that ne ɥas exhausted his remedies at law; and this fact can be established only by the securing of a judgment, the issuance of an execution, and its return nulla bona. The issuance of the execution and its return nulla bona are, however, only evidence of the fact that the complainant has no adequate remedy at law; and this fact can be established by other evidence as completely and conclusively as by the issuance of the execution and the return thereon. A case fully discussing the proposition is that of Williams v. Adler Goldman Commission Co., decided by the Circuit Court of Appeals (Eighth Circuit) and reported in 227 Fed. 374, 142 C. C. A. 70. It is there held, and ample authority is cited in support of the holding, that nonresidence of the debtor and his insolvency has each been held sufficient to dispense with prior judgment and execution at law; the first because of the great impracticability, if not impossibility, of proceeding against the debtor in that way, and the second because it stands for what the judgment and execution would conclusively prove, and that insolvency may be shown otherwise

than by judgment at law and execution returned nulla bona. See, also, Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004. See, also, case note to the case of Ziska v. Ziska, 23 L. R. A. (N. S.) 85, 88.

We have, then, a complaint which, by proper allegations, shows the utter futility of issuing an execution against the property of the debtor, and that all the property of the debtor originally subject to execution has been transferred in violation of law to the defendant in the case, against whom judgment is sought.

The more troublesome question is as to the right of the appelle to a personal judgment against the appellant for the amount of its claim of judgment against the original debtor. Undoubtedly the property only should be proceeded against if available. In other words, if the fraudulent vendee had in his possession the original property transferred to him by the debtor in violation of the statute, the court would avoid the sale and permit the creditor, or creditors, to levy execution upon and sell the property. But here the showing is that the vendee has either disposed of the property or has commingled it with other like property, and has thus placed it beyond the reach of an execution. Thus by the wrong of the vendee the creditor is deprived of his right to reach the property of the original debtor. Under these circumstances we see no reason why the transferee should not be liable to the creditors of the vendor to the extent of the value of goods taken by him and converted in fraud of their rights. There is ample authority to support such right. Daly v. Sumpter Drug Co., 127 Tenn. 412, 155 S. W. 167, Ann. Cas. 1914B, 1101; Peters Branch Int. Shoe Co. v. Gunn, 121 Miss. 679, 83 So. 742; Marlow v. Ringer, 79 W. Va. 568, 91 S. E. 386, L. R. A. 1917D, 619; Armfield v. Saleeby, 178 N. C. 298, 100 S. E. 611.

Confining ourselves to the case, we have a creditor

Douglas Fir L. Co. v. Star L. Co. 27 N. M. 403

whose claim against the seller is represented by a promissory note upon which he has obtained judgment. The purchaser has not complied with the Bulk Sales Law, and, the sale being void, no property passes to him. If he has disposed of the property or mingled it with his own so that it cannot be distinguished, he is in possession of money or property which the creditor is entitled to have applied to the payment of this claim.

The principal point upon which the appellant relies, raised by the demurrer in the lower court and the assignment of error, is that the court had no jurisdiction, because the complaint showed on its face that the plaintiff creditor is not in this case one who is in a position to bring the action against the purchaser. As we have stated, the law does not limit creditors to any one class or kind. We conclude, therefore, that a creditor who has obtained judgment against the seller, and who, in his complaint in a suit against the purchaser upon such judgment, alleges that the seller is insolvent and that the goods transferred have been so commingled by the purchaser that they cannot be identified or separated, may recover judgment against the purchaser, although execution on his first judgment has not been issued and return made thereon. Under such a state of pleadings the insolvency of the seller and the commingling of goods by the purchaser dispense with the necessity of issuing the execution and levy thereunder. The extent of the creditor's recovery, the time at which his right accrues to him, and many similar questions suggest themselves to us, but as no proper exception was taken to these points, and the findings thereon in the lower court are not properly alleged as error here, they are not before us for consideration in this case.

For the reasons above stated, the judgment is affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.