[No. 16706.   Department Two.   January 7, 1922.]

## F. H. McDERMONT, *Respondent,* v. C. C. BATEMAN *et al., Appellants.*[1]

ATTORNEY AND CLIENT (44)—ACTION FOR COMPENSATION—EVIDENCE. In an action by an attorney to recover the reasonable value of legal services, which defendant claimed were to be rendered for a contingent fee, but tne attorney testified otherwise, the questions of the rendition of the services and the reasonableness of the fee were for the jury.

WITNESSES (52) — PRIVILEGED COMMUNICATIONS — ATTORNEY AND CLIENT. The rule against the admissibility in evidence of privileged communications between attorney and client does not extend to conversations between an attorney and his client respecting the compensation for services of an associate counsel.

APPEAL (460)—HARMLESS ERROR—INSTRUCTIONS. An ambiguous statement in the course of oral instructions given by the court cannot be deemed prejudicial where in another part of the instructions the subject-matter to which exception is taken was clearly explained to the jury.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered February 14, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Davis & Heil,* for appellants.
*Freece & Pettijohn,* for respondent.

HOVEY, J.—This is an action by the respondent, who is an attorney at law, for the recovery of the sum of $1,676.85, claimed to be due him for services performed for the defendants.   The case was tried before a jury and a verdict rendered for $1,200, upon which judgment was subsequently entered.

[1]Reported in 203 Pac. 66.

The assignments of error can be considered under three heads:

(1)   Appellants contend that the fourth cause of action was improperly submitted to the jury. This involved the sum of $50 and was claimed to be the reasonable value of the services of the respondent for appearing in court and securing the dismissal of two actions, one of them being where the appellants were plaintiffs and the other where the appellants were defendants, both with the same party. Appellants contend respondent was to undertake this service for a contingent fee, and there seems to have been some proposition made by them to that effect to start with, but the evidence of the respondent is to the effect that he found that there was nothing in the contention of appellants and that he advised them that the wisest thing to do was to dismiss their case if he could secure a dismissal of the other one, and it is not disputed that he did make the appearance and secure the dismissal of the actions. The jury had a right to believe the testimony of the respondent, both as to the service and the reasonableness of the fee.

(2)   Appellants contend that evidence was improperly received consisting of the testimony of Fred B. Morrill, who was also an attorney for the appellants, relative to the terms of the employment of the respondent. The facts material to this point are these: The appellants had some important litigation with H. N. Martin, who had formerly been their attorney, and they went to respondent to secure his services. The respondent contends that he advised them to employ Mr. Morrill to assist in the matter, and the appellants contend that respondent refused to accept the employment. It is undisputed, however, that appellants went from the town of Davenport, where they resided,

to the city of Spokane and there sought the services of Mr. Morrill. The testimony of Mr. Morrill is that he demanded a fee of $1,000 for trying the Martin cases, and that appellants objected to paying that sum because they would also have to pay the respondent for his assistance in the same cases; that thereupon he reduced his fee to the sum of $500. It is not disputed but what the respondent participated in the trial of the Martin cases. The appellants were questioned upon cross-examination relative to this transaction and denied the same, and thereafter Mr. Morrill was called as a witness and gave his testimony. Appellants objected to this testimony upon the ground that it was a privileged communication from an attorney to his clients.

In *Hartness v. Brown*, 21 Wash. 655, 59 Pac. 491, it is stated that our statute (subd. 2, § 1214, Rem. Code; P. C. § 7725): "An attorney or counselor shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment", is merely declaratory of the common law.

The rule as stated in 40 Cyc., at page 2371, is as follows:

"In order for a communication between attorney and client to be privileged it must relate to the subject-matter of the employment, and be made for the purpose of enabling the attorney to correctly understand the matter in which he is employed, and of obtaining professional advice or assistance."

The following cases are in point with the facts in this case, and in each of them a communication was held not to be privileged: *Champion v. McCarthy*, 228 Ill. 87, 81 N. E. 808; *Riggs v. Denniston*, 3 Johns. Cas. 198 (N. Y.); *Hatton v. Robinson*, 14 Pick. (Mass.) 416; *Ex parte Niday*, 15 Idaho 559, 98 Pac. 845.

In *Williams v. Blumenthal*, 27 Wash. 24, 67 Pac. 393, an attorney testified to instructions received by his client authorizing him to settle a judgment for less than the amount due, and this was held not to be privileged. In *Stanley v. Stanley*, 27 Wash. 570, 68 Pac. 187, an attorney testified to the facts concerning his employment and was allowed to testify over the objection of his client.

This court said in *Collins v. Hoffman*, 62 Wash. 278, 113 Pac. 625, Ann. Cas. 1913A 1:

"They do not come within the rule of privileged communications given to an attorney in strict and professional confidence, in order to enable him the better to ascertain his client's rights and to protect and maintain them. And while we confess the sound and wise policy of the law in establishing the rule of privilege as between attorney and client, it will not do to say that, because of such a relation, every act and communication between them, irrespective of its nature, is within the rule, and the relationship once being established all further inquiry must cease."

The communication questioned had nothing to do with the advice given by Morrill relative to the conduct of the Martin cases, and it was not the statement of any fact relative to those cases. We are satisfied that it was not a privileged communication.

(3) The third error assigned relates to the instructions. These were given orally under stipulation, and in the course of them the court, in referring to the testimony of the attorneys who had been called as experts, used language to which appellants take exception, but we find that in other parts of his instructions he clearly explained to the jury what was meant in case any ambiguity can be said to exist.

We further fail to see how appellants can complain, as these experts were all called by the respondent and testified in accordance with his contention and the

error complained of, if any, appears to have been against the respondent rather than against appellants.

The judgment is affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOLCOMB, JJ., concur.