[No. 16604. Department Two. January 23, 1922.]

SPOKANE MERCHANTS ASSOCIATION, *Appellant,* v.
RICHARD KOSKA *et al., Respondents.*[1]

FRAUDULENT CONVEYANCES (14)—SALES IN BULK—WHAT CONSTITUTES. Under Rem. Code, § 5299, a sale of a one-half interest in a business and stock of goods constitutes a sale in bulk.

SAME (14)—AFFIDAVIT AS TO CREDITORS—LIABILITY OF PURCHASER. A purchaser of a one-half interest in a business and stock of goods, by exacting the affidavit as to creditors required by Rem. Code, § 5296, is not thereby excused from compliance with the mandate of Id., § 5297, requiring the vendee to see that his purchase money for the half-interest is applied, share and share alike, to the payment of bona fide claims against his vendor as shown by the verified statement of creditors.

SAME (14). A purchaser of an interest in a business is liable under the bulk sales law, for debts listed in his vendor's affidavit, but only to the extent of a pro rata part to each creditor of the amount received by the purchaser from the sale.

Appeal from a judgment of the superior court for Grant county, Smith, J., entered March 17, 1921, dismissing an action on accounts, tried to the court. Reversed.

*Dodds & Dodds,* for appellant.

*N. W. Washington* and *C. G. Jeffers,* for respondents.

[1]Reported in 203 Pac. 969.

HOLCOMB, J.—Appellant, as assignee of several vendors of goods, wares and merchandise to Richard Koska, brought this action against Richard Koska and Joe Beasley individually, and the partnership consisting of Richard Koska and Joe Beasley, upon seven causes of action, totaling $1,270.23.

On June 2, 1920, after all of the indebtedness sued upon had accrued, respondents entered into an agreement which, after the formal parts, is as follows:

"Witnesseth; that whereas the party of the first part has this day sold to the party of the second part a one-half interest in his stock of trade, good will and business, and assigned a half interest in a certain lease, and has leased to second party a half interest in the furniture, dishes, and fixtures used or in any manner connected with first party's business at Soap Lake, and as a part of the said deal it is hereby agreed, that the second party shall have management of the said business and shall have the handling of all funds of the said business, and that second party shall deposit all of the receipts of said business in the First National Bank, and shall pay the same out only by check, and on each check it shall be stated the purpose for which the payment was made; and at the end of each month a settlement shall be had as follows: all expenses shall be first paid, and then the money shall be divided into two parts and out of the part belonging to the first party the second party shall first deduct such amount as second party sees fit to pay all sums advanced by second party, to pay one-half of the purchase price of all stock now on hand that is this day still owing; and after all of the said one-half is fully paid, then the one-half that would be coming to first party shall be delivered to the first party.

"All divisions to be had at the said bank.

"It being further agreed that each of the parties are to devote their entire time to the said business."

On the same day the parties executed and acknowledged an assignment of lease whereby Koska assigned

to Beasley a one-half interest in and to the premises occupied by the business at Soap Lake, and a one-half interest in all the furniture, dishes, fixtures, etc., contained in the building.

At the same time Beasley demanded and received from Koska a sworn statement, which is as follows:

"Statement of persons that Richard Koska owes, together with the amount and addresses of each.

| | |
|---|---|
| Wenatchee Bottling Works, of Wenatchee.... | $82.00 |
| Brown & Hale Candy Co., of Wenatchee, Wash. | 67.17 |
| Meadowmore Cream Co., of Wenatchee, Wash. | 14.00 |
| Wenatchee Print Co., of Wenatchee, Wash.... | 37.00 |
| Hershaw & Bloxom, of Wenatchee, Wash..... | 26.53 |
| Imperial Candy Co., of Seattle, Wash........ | 99.30 |
| True Blue Biscuit Co., of Seattle, Wash...... | 108.00 |
| I. N. McGrath, of Ephrata, Wash............ | 70.20 |
| National Grocery Co., of Tacoma, Wash...... | 173.57 |
| Carsteen Packing Co., of Spokane, Wash..... | 32.67 |
| Pacific Biscuit Co., of Seattle, Wash......... | 165.00 |
| John W. Graham & Co., of Spokane, Wash.... | 17.28 |
| Graham Manufacturing Co., of Spokane, Wash. | 327.00 |
| Commercial Imp. Co., of Seattle, Wash....... | 108.35 |
| Wenatchee Creamery Co., of Wenatchee, Wash. | 164.10 |
| Wm. Yeuler, of Soap Lake, Wash............ | 38.60 |
| Mrs. Brittain, of Soap Lake, Wash........... | 70.28 |
| National Cash Register Co., ——, Ohio...... | 245.00 |
| First National Bank of Ephrata, Wash...... | 1100.00 |
| Woodbury Lumber Co., of Soap Lake, Wash.. | 400.00 |
| Bradbury of Yakima, Wash................. | 135.00 |

"State of Washington )
                            ss
"County of Grant       )

"Richard Koska being first duly sworn, on oath says that the foregoing statement contains the names of all of the creditors of myself together with their addresses and the amounts set opposite each of said names is the amount now due and owing or that will become due and owing by myself to such creditors, and that there are no creditors holding claims due or which shall become due for or on account of goods, wares or merchandise purchased upon credit or upon account

of money borrowed to carry on the business of which the said goods are a part other than as set forth in said statement or in this affidavit are within the personal knowledge of this affiant.

"Richard Koska.

"Subscribed and sworn to before me this 2nd day of June, 1920.

"William Clapp,

"Notary Public for said state, residing at Ephrata, Wash."

Five of the accounts sued upon, amounting to $746, appear in the foregoing list of creditors to the amount of $649, as listed. The account of the Gray Manufacturing Company, which is one of the accounts assigned and sued upon in this action, it is claimed by appellant, was erroneously named the "Graham Manufacturing Company," and that that was an error of the scrivener; but of that there is no evidence.

Beasley took possession on June 2, and remained in possession of the business at Soap Lake until August 3, 1920, when he sold the business to the First National Bank of Ephrata for $750, and applied the money he received from the sale to the payment of debts other than those sued upon herein, and did not apply the proceeds thereof to the creditors, share and share alike.

Koska had disappeared some time previously. Koska was also operating a bakery and lunch counter under his own name and as Koska & Son, at Ephrata, Washington, during the same time until he disappeared.

The trial court dismissed the action with prejudice for the reason that the plaintiff had failed to establish any cause of action, holding that the bulk sales law did not apply, and that the defendant Beasley was a partner in a limited sense only; that his liability

could not be enlarged so as to hold him liable for the purchase of goods which were not shown to have been on hand and in the stock at the time he took possession of the Soap Lake business on June 2, 1920.

Respondent urges that appellant could not recover in the form of action brought, and that it could not hold respondents under the sales in bulk law.

Section 5299, Rem. Code (P. C. § 7751), is in part as follows:

"Any sale or transfer of a stock of goods, wares or merchandise, or all or substantially all, of the fixtures and equipment used in and about the business of the vendor, out of the usual or ordinary course of business or trade of the vendor, or whenever substantially the entire business or trade theretofore conducted by the vendor, shall be sold or conveyed *or whenever an interest in or to the business or trade of the vendor is sold or conveyed,* or attempted to be sold or conveyed, shall be deemed a sale or transfer in bulk in contemplation of this act: . . ." (Italics ours.)

It is manifest that, under the contract between respondents, an interest in or to the business and trade of the vendor was sold and conveyed to Beasley, and therefore, under the clear language of the above statute, the transaction fell within the purview of the sales in bulk law.

Beasley demanded and required the affidavit required by § 5296, Rem. Code (P. C. § 7748), but did not comply with § 5297 (P. C. § 7749), which requires that the vendee shall pay or see to it that the purchase money for the property is applied to the payment of the *bona fide* claims and the creditors of the vendor as shown upon such verified statement, share and share alike, and by the same section, having failed so to do, it is provided that the transfer shall, as to such creditors, be fraudulent and void.

The trial court thought that, because it was not shown that any of the goods on hand as a part of the stock in trade were goods which were purchased by Beasley to the extent of a one-half interest on June 2, 1920, therefore he could not be held liable either as a partner or under the bulk sales law. But the agreement was made in view of the bulk sales law and obligated him to pay the items, at least share and share alike or *pro rata,* which were specified in the affidavit which was necessary under the bulk sales law, and this he failed to do. Almost the entire evidence was given by Beasley as a witness for both parties. He was very frank and it is apparent that he purchased the half interest in the business in good faith, and innocent of any intention to defraud any of the creditors; but that situation is of no avail to him when he failed to comply with the mandate of the bulk sales statute. We have held that the bulk sales law applies to any creditors whether the goods are furnished for the particular business or not; *Eklund v. Hopkins,* 36 Wash. 179, 78 Pac. 787; and we have held that an action may proceed directly against the purchaser of the interest which is to be deemed a sale in bulk under the statute. *Friedman v. Branner,* 72 Wash. 338, 130 Pac. 360.

Respondent Beasley cannot be held liable, however, as an individual, for any of the debts incurred by Koska except those listed in the bulk sales affidavit, and then only for the *pro rata* part to each of the amount received by him from the sale, which was $750, to comply with the statute requiring creditors to be paid share and share alike.

Upon these considerations the judgment must be reversed. It will be remanded to the trial court with permission to appellant to identify its claim which is listed in the name of the Graham Manufacturing Com-

pany, of Spokane, Washington, so that it may be entitled to recover that claim if properly proven.

Remanded with instructions.

PARKER, C. J., MACKINTOSH, and HOVEY, JJ., concur.